## SUPREME COURT.

HARRIET VAN VOORHIS, by her guardian, &c. agt. CADWALLA-
DER HAWES.

Where, in an action for assault and battery, in the defendant's attempting to kiss
the plaintiff, it appeared that the parties were with an excursion party on a train
of cars, and the defendant alleged a license to do the act, and showed that a
vote had been passed in one of the cars that he should go through the train
and kiss every lady in the cars, and having accomplished the enterprise in the
car where the vote was passed, proceeded to the car where the plaintiff was,
when he was resisted by her,

*Held*, that evidence offered by the plaintiff on the question of license set up, that
she and her friends in that car were a *distinct party* from those in the car
where the defendant was, was improperly excluded.

*Ontario Special Term, Aug., 1855.*

MOTION on behalf of plaintiff for a new trial on a case.

The action was for an assault and battery, and was tried at
the Ontario circuit in February, 1854, before a jury, who ren-
dered a verdict for the defendant. The facts are sufficiently
stated in the following opinion.

J. W. STEBBINS, *for plaintiff.*

J. C. SMITH, *for defendant.*

WELLES, Justice. The action was for an assault and battery.
It appears by the evidence detailed in the case, that on the
19th day of September, 1853, the plaintiff, with two of her sis-
ters, and some other friends, took the cars at Miller's Corners,
a station on the Canandaigua and Niagara Falls Railroad, a
few miles west of Canandaigua, on an excursion trip to Niagara
Falls and back. There were a number of persons joined in
this excursion from various points on the railroad. On their
return in the afternoon, and when the train was between Tona-
wanda and Akron, Erie county, coming east, the plaintiff was
sitting on the wall-seat, when the defendant came into the car

Van Voorhis agt. Hawes.

through the east door, from another car in the same train, and came up to where the plaintiff was sitting, seized her by the shoulders—upon which she became frightened, and screamed. The defendant then informed her that another person had offered him two shillings if he would come and kiss her. She then immediately placed her head in her sister's lap, who was sitting by her side. The defendant then took hold of her, with his thumb in her bonnet and fingers in her hair, and pulled her up in an upright position. At that moment he was pulled away by a man who was sitting near. Her bonnet was jammed up, and her hair pulled over her face, as the witnesses stated, in a frightful manner.

The foregoing facts were proved by four witnesses, who agreed substantially in their evidence. On the part of the defendant, it was attempted to be shown that the circumstances attending the transaction were such as to justify the jury in implying a license to the defendant to do what was done by him.

It appeared by the defendant's evidence, that in another car of the same train, a short time previous to the transaction above detailed, a vote had been taken and passed, that the defendant should pass through the train and kiss all the ladies in the cars. That the defendant thereupon kissed all the ladies in that car, and then passed into the car where the plaintiff and her friends were sitting, with a view of completing this kissing enterprise according to the vote that had been taken.

The plaintiff offered to prove, by one of her brothers, that she was one of a party got up by the witness and what persons composed the party; and that the plaintiff, and the friends she was with, and constituting the party which the witness got up, were in no manner associated with the defendant or any of his company, or with any persons in the other car. This evidence was, on objection by the defendant's counsel, excluded by the court. In my judgment, this evidence was competent, and should have been received. It was proper for the purpose of repelling any implication of license. I am, indeed, unable to perceive anything in any of the evidence tending to show a license. On the contrary, some of the defendant's witnesses

testify that the plaintiff resisted the defendant's attempt to kiss her, and not one of them shows that she assented by word or action. The jury, however, found some ground—(and what it was I have failed to discover)—upon which they wholly acquitted the defendant. If it was that he had a lawful right to kiss the plaintiff, without her consent, they mistook the law, and their verdict on that ground should be set aside. If they imagined they could perceive anything in the evidence tending to establish such license or consent, or from which it could be implied, the evidence excluded was competent on that question. On either ground, therefore, there must be a new trial, with costs to abide the event.

Ordered accordingly.