Henry ALANIZ, Administrator of the Estate of Elias Alaniz, Deceased, Appellant,

v.

UNITED STATES of America, Appellee.

No. 5778.

United States Court of Appeals Tenth Circuit.

June 28, 1958.

Timothy P. Woolston, Albuquerque, N. M., for appellant.

J. C. Ryan, Asst. U. S. Atty., Albuquerque, N. M. (James A. Borland, U. S. Atty., Albuquerque, N. M., was with him on the brief), for appellee.

Before BRATTON, Chief Judge, and PHILLIPS and BREITENSTEIN, Circuit Judges.

BRATTON, Chief Judge.

The administrator of the estate of Elias Alaniz, deceased, instituted this action to recover damages under the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671 et seq., for the wrongful death of the deceased. The cause of action pleaded in the complaint was that some rifles had been stolen from a national guard armory and cached in a cotton field in New Mexico; that a special agent of the Federal Bureau of Investigation was in charge of an investigation of the theft; that the special agent appointed a deputy sheriff to act as a non-compensated agent of the United States in connection with such investigation; that on a certain night the special agent and the deputy sheriff were in the cotton field for the purpose of apprehending the thief if he came for the stolen rifles; that the deceased, David Torres, and Domingo Sanchez went in the automobile of the deceased to a point on a country road immediately adjacent to the cotton field; that upon reaching such point, the automobile was stopped and parked; that the deceased and Torres did not know that the rifles had been stolen and cached; that Sanchez got out of the automobile and walked back down the road; that he went into the cotton field; that he discovered the officers waiting for him; that he attempted to escape; that there were shouts and the deputy sheriff shot and "felled" Sanchez; that upon hearing the shouts and shot, the deceased became frightened and started to leave the area; and that without exercising reasonable care in determining who the deceased was or what he was doing there, the deputy sheriff, without provocation, negligently and without reasonably prudent care, shot and killed him. The Government filed a motion for summary judgment. One ground of the motion was that the complaint disclosed upon its face that the cause of action pleaded therein was excluded from the Tort Claims Act, and the other ground was that the United States had not consented to be sued in the cause. Finding that the cause of action pleaded in the complaint was excluded from the Tort Claims Act, and further finding that the deputy sheriff was not an agent of the United States at the material times, the court granted the motion for summary judgment. An appeal was seasonably perfected.

██ Rule of Civil Procedure 56(c), 28 U.S.C., authorizes the entry of summary judgment if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that

there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. The genius of the rule is to permit the expeditious disposition of cases in which there are no genuine issues of material fact upon which the outcome of the litigation depends. But the rule is not intended to provide a substitute for the regular trial of cases in which there are disputed issues of fact upon which the outcome of the litigation turns. It should be invoked with caution to the end that litigants may be afforded a trial where there exists between them a bona fide dispute of material facts. And the pleadings upon which the motion is based are to be liberally construed in favor of the party against whom the motion is directed. Purity Cheese Co. v. Frank Ryser Co., 7 Cir., 153 F.2d 88. But when the pleadings are construed in that manner, if it appears from the pleadings, depositions, and admissions on file, together with the affidavits, if any, that there is no genuine issue as to any material fact upon which the outcome of the litigation depends, the cause is appropriate for disposition by summary judgment and it is the duty of the court to enter such judgment. Broderick Wood Products Co. v. United States, 10 Cir., 195 F.2d 433; SMS Manufacturing Co. v. U. S. Mengel Plywoods, Inc., 10 Cir., 219 F.2d 606; Brodrick v. Gore, 10 Cir., 224 F.2d 892; James v. Honaker Drilling, Inc., 10 Cir., 254 F.2d 702.

■ Title 28, section 1346(b), United States Code, authorizes suits against the Government for personal injury or death caused by the negligent or wrongful act of an employee of the Government while acting within the scope of his employment, under circumstances where the United States, if a private person, would be liable in accordance with the law of the place at which the act or omission occurred. And Title 28, section 2674, provides in presently pertinent part that the Government shall be liable respecting the provisions of the title relating to tort claims in the same manner and to the same extent as a private individual under like circumstances. When these two sections are considered together, it is clear that, except where otherwise specifically provided in the Act itself, the liability of the Government under the Act is to be determined by the standards and tests of the substantive law of the state in which the tort occurred. Hatahley v. United States, 351 U.S. 173, 76 S.Ct. 745, 100 L.Ed. 1065; Carnes v. United States, 10 Cir., 186 F.2d 648; United States v. Gaidys, 10 Cir., 194 F.2d 762; United States v. Gray, 10 Cir., 199 F.2d 239.

■ We do not explore the question whether the deputy sheriff was a non-compensated agent of the United States. It may be assumed without so deciding that he did occupy that status. If the provisions of the Tort Claims Act to which reference has been made stood alone, the question whether the facts pleaded in the complaint were sufficient to constitute a cause of action against the Government for which damages could be awarded would have to be determined by reference to the standards and tests of the substantive law of New Mexico. It is provided by statute in that state that one guilty of assaulting another shall be punished as therein specified, and in addition shall be liable to the suit of the injured party. N.M.S.A.1953, § 40–6–1. And it is held in that state that an officer is liable in damages where, in the course of effectuating an arrest, and through the use of excessive force not necessary for his own protection and safety, he shoots the person he is attempting to arrest. Padilla v. Chavez, 62 N.M. 170, 306 P.2d 1094. But the sections of the Tort Claims Act to which reference has been made do not stand alone. Section 2680(h) expressly provides that the Act shall not apply to claims arising out of assault or battery. While it was pleaded in the complaint that the deputy sheriff negligently and without exercising reasonably prudent care shot and killed the deceased, the cause of action which appellant sought to plead was one for wrongful assault and battery resulting in the death of the

deceased. And therefore the cause of action was not one subject to judicial cognizance under the Act. Lewis v. United States, 3 Cir., 194 F.2d 689; Stepp v. United States, 4 Cir., 207 F.2d 909, certiorari denied, 347 U.S. 933, 74 S.Ct. 627, 98 L.Ed. 1084.

What has been said is completely dispositive of the case and eliminates need to discuss other contentions presented.

The judgment is affirmed.