**Ernest KLEIN, Plaintiff-Appellant,**

v.

**UNITED STATES of America,**
**Defendant-Appellee.**

**No. 304, Docket 25500.**

United States Court of Appeals
Second Circuit.

Argued June 4, 1959.

Decided June 17, 1959.

**64**

Oswald Vischi, of Raphael, Searles, Levin & Vischi, New York City (Bernard Koenigsberg, of Raphael, Searles, Levin & Vischi, New York City, on the brief), for plaintiff-appellant.

Cornelius W. Wickersham, Jr., U. S. Atty., E.D.N.Y., Brooklyn, N. Y. (Robert A. Morse and Myron Beldock, Asst. U. S. Attys., Brooklyn, N. Y., on the brief), for defendant-appellee.

Before CLARK, Chief Judge, and LUMBARD and WATERMAN, Circuit Judges.

PER CURIAM.

Plaintiff seeks damages under the Federal Tort Claims Act, 28 U.S.C. § 1346 (b), because he was detained and searched when he went on board the S.S. Statendam at the Holland-America pier in Hoboken, New Jersey, on the morning of November 6, 1957, to meet his brother and sister-in-law before they cleared customs on their arrival from Europe. He concedes that he did not have the necessary Customs pass to be within the customs lines, but claims he was negligently exposed to the elements, chilled, and subjected to mental indignity by the detention and search.

The question here presented is not, as plaintiff argues, whether he has asserted in his complaint a charge of "negligence," but whether Congress intended to bar this type of suit, under whatever legal theory brought, by its exclusion from the waiver of governmental immunity in the Tort Claims Act of "Any claim arising out of assault, battery, false imprisonment, false arrest * *." 28 U.S.C. § 2680(h). We agree with the court below that it did. D.C.E.D.N.Y., 167 F.Supp. 410. Here the alleged consequences to plaintiff directly flowed from the detention. Thus the instant action is wholly analogous to the several attempts to sue the United States on a theory of "negligence" for an arresting officer's use of unreasonable force in making an arrest; these claims have always been held barred as within the above exception. Stepp v. United States, 4 Cir., 207 F.2d 909, certiorari denied 347 U.S. 933, 74 S.Ct. 627, 98 L.Ed. 1084; Alaniz v. United States, 10 Cir., 257 F.2d 108. Decisions upholding government immunity in suits by federal prisoners for the negligence of their jailors are also a persuasive analogy here. Van Zuch v. United States, D.C.E.D.N.Y., 118 F.Supp. 468; Jones v. United States, 7 Cir., 249 F.2d 864, 865; and see Feres v. United States, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (action by a soldier).

Affirmed.