Edward G. Baker, J.
Plaintiff, an infant, brings this action by her guardian ad litem to recover damages for personal injuries alleged to have been sustained by her as a result of having been pushed or shoved by the infant defendant. Her father asserts a claim for medical expenses and loss of services.
On the date of the incident, which is the basis of the claims, the infant parties were four and six years of age, respectively.
The infant defendant was one of a group of neighborhood boys who, on the day of the occurrence, were engaged in a game of 1 ‘ iron tag ’ ’ in and about the lawn area of one of the homes in the community. At about 4:00 p.m., the infant plaintiff walked from her home nearby to the lawn where the boys were playing. The credible evidence supports the claim that she was not a participant in the game.
Shortly after her arrival, an argument ensued between the infant plaintiff and one of the boys. The defendant said “I’ll take care of Barbara ”, whereupon he pushed her with force sufficient to cause her to fall to the ground. ' It is clear that the defendant had the capacity to know and did, in fact, know that his act was offensive.
The fall resulted in a serious injury. Plaintiff sustained a fracture of the right elbow. A closed reduction was attempted *1087 but was unsuccessful. An open reduction of the fracture was accomplished and a Kirschner wire inserted. There is a large disfiguring postoperative sear which is obviously permanent, and there is an obvious, though slight deformity of the right arm. The complaint stated three causes of action. The second cause, based upon alleged negligence was dismissed, on defendants’ motion, at the close of plaintiffs’ case. The third, asserted against the child and his parents was discontinued at the opening of the trial. The trial proceeded and was concluded upon the first cause of action, for an alleged assault and battery. Decision on defendants’ motion to dismiss this cause, made at the close of the proof, was reserved. That motion is now denied.
Defendant’s intent to inflict upon plaintiff an offensive bodily contact, known to him to be offensive, has been established by the fair weight of the credible evidence. It was his intent to force her to leave the place where the game was in progress. The push, or the force intentionally exerted by him to that end, was the proximate cause of plaintiff’s fall and the resulting injuries. For these injuries and-their consequences, the infant defendant is liable although the proof fails to show an intent on his part to inflict bodily harm or that the fall and the resulting injuries were or should have been foreseen (27 Am. Jur., Infants, pp. 812-813, §§ 90, 91).
The rule which determines the liability of one who intentionally inflicts a harmful or offensive bodily contact upon another is stated in Restatement of Torts (vol. 1, p. 29, § 13) as follows:
“§ 13, Battery; Harmful Contact. An act which, directly or indirectly, is the legal cause of a harmful contact with another’s person makes the actor liable to the other, if (a) the act is done with the intention of bringing about a harmful or offensive contact or an apprehension thereof to the other or a third person, and (b) the contact is not consented to by the other or the other’s consent is procured by fraud or duress, and (c) the contact is not otherwise privileged.”
Comment d of section 13 and section 16 of the Restatement define the character of the intent necessary to be shown to impose liability. Intent to harm need not be established; and the absence of it does not absolve the defendant so long as the act was done with intent to inflict an offensive bodily contact.
As stated above, the proof clearly indicates that the defendant, despite his tender years, had the capacity of mind to know and did, in fact, know, as would any normal six-year-old child, that his act, under the circumstances disclosed in the proof, was offensive; and it is equally clear that it was so intended.
*1088 For the injuries sustained and the resulting pain and suffering, the infant plaintiff is entitled to judgment against the defendant in the sum of $12,500. Plaintiff, Stanley Baldinger, is entitled to judgment against said defendant in the sum of $641.40 representing the fair and reasonable sums expended by him for hospital and medical expenses.
Settle findings and judgment accordingly.