Daniel J. MoAvoy, J.
The plaintiff in this action for a declaratory judgment asks for a stay of the prosecution of the main action which was brought in this court by the defendant Vinnedge against the defendant Blazey (plaintiff’s insured), until a determination is made in this action as to whether the bodily injuries and property damage alleged to have been sustained by Patricia Vinnedge were caused intentionally by plaintiff’s insured, Blazey. The automobile liability policy issned by *35 the insurance company to its said insured contains a clause excluding coverage when the injuries are intentionally inflicted.
The defendant Blazey has made a cross motion for a dismissal of the complaint herein for failure to state a cause of action upon the ground that no present judiciable controversy exists with respect to the issue raised by the insurance company.
The complaint in the main action alleges that the insured (Blazey) ran his car into the rear of the injured plaintiff’s vehicle on at least three successive occasions and it charges him with ordinary negligence, gross negligence and wanton conduct. In addition, the complaint asks for punitive damages as well as compensatory.
The basic issue in both actions concerns the manner in which Blazey operated his car at the time of the accident. Under the theory of plaintiff’s complaint in the negligence action, the court could submit to the jury for a special finding the question as to whether or not plaintiff’s injuries and property damage were intentionally inflicted. (Civ. Prac. Act, § 459.) This would dispose of the controversy raised in the declaratory judgment action. However, if the court found against the insurance company in the present action this would not dispose of the issues in the pending negligence case or avoid litigation. When this is so and the matter in dispute can be determined in the basic negligence action, relief by way of declaratory judgment is usually denied. (See Nationwide Mut. Ins. Co. v. Dennis, 14 A D 2d 188; Prashker v. United States Guar. Co., 1 N Y 2d 584.)
The question as to whether or not an injury is intentionally caused presents the problem of one’s state of mind. In the absence of an admission by such person it can only be determined by inferences drawn from their actions and conduct. Any expression of an opinion or conclusion by the injured plaintiff or others in regard to the subject would be incompetent. As hereinbefore stated the manner in which insured drove his car at the time of the accident is the primary issue involved in both actions and hence, it should not be litigated separately.
Counsel for the injured plaintiff has joined in the insured’s motion for a dismissal of the complaint in the declaratory judgment action, and cites in support of his argument the case of Baldinger v. Consolidated Mut. Ins. Co. (15 A D 2d 526, affd. 11 N Y 2d 1026). In the Appellate Division and in the Court of Appeals it was pointed out that the trial court (Baldinger v. Banks, 26 Misc 2d 1086) had found as a fact that the injury was not intentionally inflicted but was the “ unintended result of an intentional act ” and therefore, not within an exclusionary clause in the liability policy like the one involved here.
*36 The court cannot decide this issue as a matter of law on the present motions. We must await the outcome of the trial to ascertain whether a similar finding will be made under the circumstances presented in the negligence case.
For the above reasons the plaintiff’s motion for a stay in the prosecution of the pending negligence case is denied. The cross motion of the defendant Blazey for a dismissal of this declaratory judgment action is granted.