SUSAN MASTERS, an Infant, by RALPH MASTERS, Her Guardian ad Litem, et al., Appellants, *v.* CLAUDIA BECKER, an Infant, by NATHANIEL A. KAHN, Her Guardian ad Litem, Respondent.

Second Department, November 23, 1964.

*Jerome M. Leitner* and *Abraham Reingold* for appellants.

*Thomas V. Kingham* and *Bernard Meyerson* for respondent.

CHRIST, J.   The single question is whether, with respect to a cause of action for assault, the definition of intent given by the trial court in its charge and in its ruling on an exception and a request to charge constituted reversible error.   The court stated that the plaintiffs were required to establish that the infant defendant intended the act that resulted in injury, that she intended to commit an injury, and that she intended the very injury sustained by the infant plaintiff.   The court also posed the question:   " Can a nine-year old, by her action, intend the injury which resulted in this case? "   To all this plaintiffs' counsel took an exception and requested the court to charge that plaintiffs were required to establish only that " the act was done with intent to inflict an offensive bodily contact."   The court refused such request to charge and adhered to its previous instructions.

When the injury occurred, the infant plaintiff Susan Masters was about six years of age and the infant defendant Claudia Becker was about nine years of age.   They, together with Claudia's sister, were playing on a motor truck in an empty lot, and Susan was standing on a narrow ledge on the outside of the truck's tailgate.   Claudia told or at least urged Susan to get off; and Susan refused and cried, saying she was frightened.   Then Claudia pried Susan's fingers off the tailgate and Susan fell to the ground, sustaining severe injuries.   Claudia's testimony indicated that the reason for her act was to force Susan to give Claudia and her sister their turns to get onto the ledge so that they could jump off.

The correct rule as to intent is set forth in the American Law Institute's Restatement of the Law (Restatement, Torts, vol. 1, § 16, subd. [1]), namely: that intent is established " If an act is done with the intention of inflicting upon another an offensive but not a harmful bodily contact or of putting another in apprehension of either a harmful or offensive bodily contact,

and such act causes a bodily contact to the other * * * although the act was not done with the intention of bringing about the resulting bodily harm.'' (See, also, *id.*, § 13, subd. [a] ; 1 Harper and James, Law of Torts, § 3.3, pp. 215–220; Prosser, Law of Torts [2d ed.], § 9, pp. 32–33.)

The law as thus stated has been followed in *Baldinger* v. *Banks* (26 Misc 2d 1086) which case was approved by this court in a subsequent connected case (*Baldinger* v. *Consolidated Mut. Ins. Co.*, 15 A D 2d 526, affd. 11 N Y 2d 1026; see, also, *Exchange Mut. Ins. Co.* v. *Blazey*, 38 Misc 2d 34, affd. 19 A D 2d 682, mot. for lv. to app. den. 13 N Y 2d 601). There are other consistent decisions to the same effect (*McGovern* v. *Weis*, 265 App. Div. 367; *Van Voorhis* v. *Hawes*, 12 How. Prac. 406; *Vandenburgh* v. *Truax*, 4 Denio 464; semble: *Schloendorff* v. *New York Hosp.*, 211 N. Y. 125; *Hawkins* v. *Kuhne*, 153 App. Div. 216, affd. 208 N. Y. 555; *Fidler* v. *Murphy*, 203 Misc. 51).

A plaintiff in an action to recover damages for an assault founded on bodily contact must prove only that there was bodily contact; that such contact was offensive; and that the defendant intended to make the contact. The plaintiff is not required to prove that defendant intended physically to injure him. Certainly he is not required to prove an intention to cause the specific injuries resulting from the contact.

Hence, the trial court's rulings and instructions were not in harmony with the law. On the facts a jury could well find that Claudia intended only to force Susan off the truck, without any thought of injuring her. It could also find that Claudia intended the bodily contact she was forcing upon Susan; and that, although this was not harmful in itself, it was offensive to Susan. Under a correct instruction, findings of the presence of such intent would be sufficient for holding Claudia responsible for the ensuing injury. In requiring plaintiffs to establish that Claudia in fact intended an injury and even the very injury that Susan sustained, the trial court was in error. Such instruction imposed on plaintiffs an excessive burden and made it highly improbable that the jury would find in favor of plaintiffs.

In *Baldinger* v. *Banks* (*supra*), where the correct rule was applied, liability was found against an even younger child than Claudia. There, the act of a six-year-old boy was not significantly dissimilar to Claudia's. He resented the four-year-old infant plaintiff's presence on a lawn where he was playing and he pushed her. She fell to the ground and sustained severe injuries. A substantial recovery was awarded against the boy.

As the error in the instant case was highly prejudicial, the

judgment should be reversed on the law, and a new trial granted, with costs to plaintiffs to abide the event.

BELDOCK, P. J., KLEINFELD, HILL and RABIN, JJ., concur.

Judgment reversed on the law and new trial granted as between the plaintiffs and the infant defendant, with costs to the plaintiffs to abide the event.