Preston **NICHOLS**, Plaintiff,

v.

**UNITED STATES** of America, Defendant.

J. E. **McCAULEY**, Plaintiff,

v.

**UNITED STATES** of America, Defendant.

Welby **BRUNT**, Plaintiff,

v.

**UNITED STATES** of America, Defendant.

Nos. WC6426, WC6431, WC6350.

United States District Court. N. D. Mississippi, W. D.

Dec. 2, 1964.

Ben F. Hilbun, Jr., Starkville, Miss., John C. McLaurin, Brandon, Miss., for Welby Brunt and Preston Nichols.

Mitchell, McNutt & Bush, Tupelo, Miss., for J. E. McCauley.

H. M. Ray, U. S. Atty., Oxford, Miss., John G. Laughlin and William A. Gershuny, Dept. of Justice, Washington, D. C., for United States in No. WC 6350 and WC 6426.

H. M. Ray, U. S. Atty., Oxford, Miss., for United States in No. WC 6431.

CLAYTON, District Judge.

In these three cases, each of the plaintiffs seeks to recover damages from the United States under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671 et seq., for injuries allegedly sustained when tear gas was fired by Deputy United States Marshals on September 30, 1962, in connection with the government's efforts to effect the enrollment of James H. Meredith, a Negro, as a student at the University of Mississippi, pursuant to orders of the Court of Appeals for the Fifth Circuit and of the United States District Court for the Southern District of Mississippi.

Each plaintiff was a patrolman with the Mississippi Highway Safety Patrol and they each separately allege that on the evening of September 30, 1962, he, along with other patrolmen, were stationed directly across the street from the entrance to the Lyceum Building on the campus of the University of Mississippi, in a position between a line of Deputy United States Marshals to the west, and a crowd of students which had gathered to the east. It is further alleged that while these plaintiffs and their fellow patrolmen were moving back the crowd of students at the request of Deputy Attorney General Nicholas de B. Katzenbach, one of the Deputy United States Marshals:

1) *With respect to Nichols:* "Negligently allowed his tear gas gun to go off in the direction of plaintiff, negligently causing the cannister to strike plaintiff over the right kidney on the back, causing plaintiff to fall to the ground . . .," and, "while the plaintiff was on the ground, one of the deputy marshals . . . negligently caused his tear gas gun to go off in the direction of plaintiff, negligently causing the projectile therein to strike plaintiff * . . .."

2) *With respect to McCauley:* "Negligently allowed his tear gas gun to go off in the direction of plaintiff, and negligently fired tear gas directly into the face of the plaintiff . . .."

3) *With respect to Brunt:* "Negligently allowed his tear gas gun to go off in the direction of plaintiff, negligently causing the cannister to strike plaintiff on the left side of the back of his head, causing plaintiff to fall to the ground . . .," and "as plaintiff rose to his feet, one of the deputy marshals negligently caused his tear gas gun to go off in the direction of plaintiff, negligently causing the projectile therein to strike plaintiff . . .."

Against each of these complaints defendant has filed a motion for summary judgment under Rule 56, Federal Rules of Civil Procedure, supported by affidavits of Nicholas de B. Katzenbach, Acting Attorney General, and James P. McShane, Chief of the Executive Office for United States Marshals, and by a memorandum brief. All three plaintiffs, within the time fixed by this court, responded to these motions by furnishing a memorandum brief. None of the plaintiffs furnished any evidential material.

In essence, the facts which are not in dispute are that Katzenbach (then Deputy Attorney General) was in Oxford, Mississippi, and upon the campus of the University of Mississippi at the direction of the Attorney General of the United States, to supervise and direct all United States Marshals and their deputies in the performance of their public duties, including the execution and enforcement of orders of the Court of Appeals for the Fifth Circuit and of the United States District Court for the Southern District

of Mississippi requiring the admission of James H. Meredith as a student in the University of Mississippi; that James P. McShane was in command control directly of the deputy marshals who were armed with standard tear gas equipment useful in dispersing unruly mobs in times of emergency and that a mob gathered which, in Katzenbach's judgment, threatened life and property and was in opposition to the said court orders; and that McShane, confronted by this mob, ordered the firing of tear gas guns of which plaintiffs complain. It further appears from the affidavits furnished by defendant that the acquisition of tear gas equipment and its discharge were in conformity with directions and instructions of the Attorney General of the United States and were, in the judgment of the Deputy Attorney General and in the judgment of McShane, necessary and proper in the circumstances then existing for the removal of obstructions to justice and for the execution and enforcement of orders entered by the aforementioned courts.

Plaintiffs allege that they were on the campus at the University of Mississippi assisting McShane and his force of marshals. In effect they claim to have been in the position of innocent bystanders who were injured unintentionally by the firing of the tear gas. They claim that the force of marshals owed to them three duties which were breached:

1) A duty to warn of their intention to use tear gas.
2) A duty to use due care in handling weapons so as to avoid injuring plaintiffs.
3) A duty to refrain from the use of equipment or materials the use of which was clearly dangerous and inappropriate under the circumstances.

However, plaintiffs' somewhat narrower position in their briefs is that the firing of the tear gas could not constitute an assault and battery and that, therefore, the unintentional injury of plaintiffs was negligence for which plaintiffs have a cause of action.

Defendant asserts a two pronged defense bottomed on two of the exceptions to the provisions of the Tort Claims Act as they are expressed in 28 U.S.C. § 2680 (a) and (h). The relevant portions of that statute read as follows:

"The provisions of this chapter and section 1346(b) of this title shall not apply to—

"(a) Any claim based upon an act or omission of an employee of the Government . . . or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.

.    .    .    .    .    .

"(h) Any claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceipt, or interference with contract rights."

Except for the allegations with respect to the actions of the individual deputy marshals in the handling of the tear gas equipment, all of the other allegations of these complaints deal clearly with matters which are within the delegated, discretionary responsibility of the Deputy Attorney General or the Chief Marshal. Particularly, the authority to use tear gas and the time at which to use it were matters which clearly called for the exercise of judgment and discretion on the part of those responsible for the discharge of the federal duty to carry out the court's orders and to maintain law and order. In dealing with a strikingly similar situation in United States v. Faneca, 332 F.2d 872 (5 Cir. 1964), petition for cert. filed, 33 U.S.L. Week 3065 (U. S. Aug. 18, 1964) (No. 397), the court said:

"Just as the tasks of carrying out the orders of this Court and of handling an unruly mob are among the responsibilities of the Chief Marshal and the Deputy Attorney General, so

is the choice of means for performing these tasks peculiarly within their discretion. The discretion to choose the *modus operandi* and to decide the time in which to put it into action was specifically delegated to McShane and Katzenbach.

"The plaintiff argues that Logan v. United States, 1892, 144 U.S. 263, 12 S.Ct. 617, 36 L.Ed. 429, establishes a federal *duty* to protect law and order and the administration of federal justice; he then contrasts 'governmental duty' with 'discretionary function.' The same argument was rejected in Dalehite [Dalehite v. United States, 346 U.S. 15, 73 S.Ct. 956, 97 L.Ed. 1427]. Section 2680 (a) excepts from the Tort Claims Act both discretionary functions and discretionary duties. It is clear that the United States has a *duty* to maintain law and order and to enforce the commands of its courts; just how best to fulfill this duty is wholly within the *discretion* of its officers." (Emphasis by that court.)

It probably is also true that the individual marshals who actually were personally engaged in firing the tear gas equipment were also performing a discretionary function or duty. However, this need not be specifically decided by this court in this case.

In Faneca, supra, a student at the University of Mississippi alleged that on the same evening of September 30, 1962, in the area of the Lyceum Building, a group of deputy marshals "wrongfully and negligently" fired tear gas projectiles at him. Claiming personal injuries and the deprivation of certain constitutional rights, plaintiff sought recovery from the United States under the Federal Tort Claims Act, as well as from the Deputy Attorney General and McShane individually. In directing the entry of judgment for the United States, the Court of Appeals said:

"Nor can plaintiff recover under the Tort Claims Act for the 'negligent' firing on him by the group of marshals and Border Patrolmen. Section 2680(h) of title 28 excepts from the Act claims arising from intentional torts such as assault and battery. The tort plaintiff is complaining of is in essence assault and battery, and his allegations of negligence are not sufficient to avoid section 2680(h). See Alaniz v. United States, 10 Cir. 1958, 257 F.2d 108; Stepp v. United States, 4 Cir. 1953, 207 F.2d 909, cert. denied, 347 U.S. 933, 74 S.Ct. 627, 98 L.Ed. 1084; Lewis v. United States, 3 Cir. 1952, 194 F.2d 689; cf. Klein v. United States, 2 Cir. 1959, 268 F.2d 63."

Plaintiffs here have cast their complaints in terms of negligence on the part of the deputy marshals in permitting their tear gas guns to go off and in the handling of this tear gas equipment. But, this was also true in Faneca where the complaint was also cast in terms of negligence rather than in terms of an "assault and battery." And, in the light of Faneca, it must be said that the applicability of the jurisdictional exclusion in 28 U.S.C. § 2680(h) cannot turn upon the artistry of the pleader. The test is not the theory upon which the plaintiff elects to proceed or how artfully the pleadings may have been drawn. Rather, the decisive factor is whether, in substance and essence, the claim arises out of an assault and battery. Here, as in Faneca, the essence of the complaint in each of these three cases is assault and battery and calling it by some other name cannot change its true character.

The cases cited by plaintiffs are not applicable to the factual situation here.

From what has been said, it follows that this court must say that there is no genuine issue as to any material fact and that defendant is entitled to judgment as a matter of law.

Orders will be entered sustaining the motion for summary judgment in each of these three cases.