**John W. LINDAUER, Plaintiff-Appellee,**

v.

**The NEW YORK CENTRAL RAILROAD COMPANY, Defendant-Appellant.**

**No. 299, Docket 32401.**

United States Court of Appeals
Second Circuit.

Argued Jan. 9, 1969.

Decided Jan. 28, 1969.

---

* The Honorable Russell E. Smith, United States District Judge, District of Montana, sitting by designation.

Jerome H. Shapiro, Gerald E. Dwyer, New York City, for appellant; Edward J. Murphy, New York City, of counsel.

Herbert Zelenko, New York City, for appellee.

Before MOORE, FRIENDLY and KAUFMAN, Circuit Judges.

PER CURIAM:

John W. Lindauer brought this action under the Federal Employers' Liability Act * to recover from the New York Central Railroad Company [the Railroad] for injuries he suffered as a result of frostbite incurred in the course of his employment. A jury trial resulted in a verdict and judgment for Lindauer in the amount of $62,000. The Railroad appeals, claiming (1) that the case should not have gone to the jury, since it was not liable as a matter of law, and (2) that a portion of the charge to the jury was misleading and unduly prejudicial to it. For the reasons below, we affirm.

On January 19, 1965, Lindauer worked as head brakeman on a freight train run which lasted over 15 hours. His duties as brakeman necessitated his working out of doors that day, sometimes for only a few minutes, and sometimes for several hours at a time. The temperature that day hovered around 20 degrees. During his work, Lindauer, although warmly dressed, concededly suffered frostbite in his hands and feet resulting in the injuries for which he sought damages.

---

* 45 U.S.C. § 51 provides in relevant part: "Every common carrier by railroad while engaging in [interstate commerce] * * * shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce, * * * for such injury * * * resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier * * *."

The Railroad urges the simple proposition that the caboose and engine were at all times heated, and that Lindauer should have known enough to come in out of the cold when he felt chilled. Lindauer testified, however, that the caboose and engine are often quite distant from where he was working and that he did not believe he was free to leave his work whenever he wished without permission from the conductor. Moreover, he urges that since his hands and feet became numb (the usual course of frostbite), he did not know they were becoming frostbitten. In addition, the conductor on the crew, testifying for the Railroad, stated that he did not believe he had the authority to tell the men to come in from the cold because "I have to get the work finished." Thus, Lindauer's theory is that the Railroad was negligent because it failed to provide him with a reasonably safe place to work, because it failed adequately to supervise his work in prescribing no regulations for the protection of employees exposed to the cold, and because it failed to instruct and prepare him for working in such weather.

■ Although mere injury to an employee is not in itself proof of the Railroad's negligence, Kuberski v. New York Central R. R. Co., 359 F.2d 90, 93 (2d Cir. 1966), cert. denied, 386 U.S. 1036, 87 S.Ct. 1475, 18 L.Ed.2d 600 (1967), it is clear by now that the standard of negligence under the FELA is substantially more liberal than that governing ordinary common law negligence actions. Eaton v. Long Island R. R. Co., 398 F.2d 738 (2d Cir. 1968). In an action under the FELA, "the test of a jury case is simply whether the proofs justify with reason the conclusion that employer negligence played *any part, even the slightest*, in producing the injury * * * for which damages are sought." Rogers v. Missouri Pacific R. R. Co., 352 U.S. 500, 506, 77 S.Ct. 443, 448, 1 L. Ed.2d 493 (1957) (italics added). In view of the obvious danger of injury from prolonged exposure to the cold, which is aggravated by the fact that one is commonly not aware he is suffering frostbite until after the injury has occurred because of the numbing effect in its incipient stages, Hayes v. New York Central R. R. Co., 311 F.2d 198, 200 (2d Cir. 1962), we believe the jury could reasonably have found the Railroad negligent in failing to take any protective measures for employees whom it knew to be subject to such exposure in the course of their duties.

■ Similarly, we find the Railroad's objection to the court's charge without merit. The jury was instructed that "it was the duty of the defendant to make and publish to its employees such sufficient and necessary rules and regulations and prescribe such proper and adequate procedures for them to follow as reasonable care required under the circumstances then and there existing." This is merely another way of stating the general rule that the Railroad has a duty to exercise reasonable care for the protection of its employees. We find no reason to assume that a jury of ordinary intelligence would not construe it as such.

Affirmed.