**Stephen James COFFEY**

v.

**UNITED STATES of America.**

Civ. No. H–74–248.

United States District Court,
D. Connecticut.

Jan. 8, 1975.

Joseph E. Fazzano, Hartford, Conn., for plaintiff.

Henry S. Cohn, Asst. U. S. Atty., Hartford, Conn., for defendant.

RULING ON DEFENDANT'S MOTION TO DISMISS

BLUMENFELD, District Judge.

 This is an action seeking damages from the United States under the Federal Tort Claims Act, 28 U.S.C. §§ 2671–2680 (1970) for injuries which the plaintiff alleges that he sustained as a consequence of being shot in the back by

a Marine guard at the United States Marine Reserve Center in Hartford. The defendant moves to dismiss the action on the ground of governmental immunity. When Congress enacted the Tort Claims Act to alleviate the harshness of this rule based upon the antiquated doctrine that "the king can do no wrong" it expressly limited the scope of the Act's remedies. The gravamen of the plaintiff's complaint falls within those claims expressly excepted from the Act, to wit, "[a]ny claim arising out of assault, battery" etc. See 28 U.S.C. § 2680(h) (1970).

The defendant has sought to avoid the net of this exception by alleging negligence on the part of the Marine guard. Thus, in this case, he alleges that the guard was "grossly negligent" and "careless" in that "[h]e negligently discharged his revolver when not necessary in view of all the conditions existing at the aforesaid time and place." Complaint ¶ 7(e). However, this suit is permissible only by virtue of the government's consent as manifested in the Tort Claims Act. In construing the reach of that consent a plaintiff cannot overcome the exceptions in § 2680(h) merely by the artistry of his pleading. "It is, of course, the substance of the claim, and not the language used in stating it, that controls." Blitz v. Boog, 328 F.2d 596, 599 (2d Cir. 1964). In Nichols v. United States, 236 F.Supp. 260, 263 (N.D. Miss.1964), in rejecting a similar claim sought to be brought under the same Act, it was held that in determining the scope of the exception:

> "The test is not the theory upon which the plaintiff elects to proceed or how artfully the pleadings may have been drawn. Rather, the decisive factor is whether, in substance and essence, the claim arises out of an assault and battery."

See United States v. Faneca, 332 F.2d 872 (5th Cir. 1964); Klein v. United States, 268 F.2d 63 (2d Cir. 1959); Smith v. United States, 330 F.Supp. 867 (E.D.Mich.1971). It is clear that plaintiff's claim "in substance and essence" arises out of assault and battery.

Alternatively, plaintiff claims that he may have been struck by the bullet as a result of the negligent firing of a. warning shot. This hypothesis does not help the plaintiff. Applying the technical distinctions between forms of action under common law, an individual would nonetheless be held liable for assault if "he act[ed] intending to cause . . . an imminent apprehension of [a harmful or offensive contact], and . . . [another was] thereby put in such imminent apprehension." Restatement (Second) of Torts § 21(1) (1965). This is exactly the function and intended effect of a warning shot. The fact that the shot actually injured plaintiff while only intending to place him in fear of imminent bodily harm does not change the character of the tort from assault to negligence.

Accordingly, the defendant's motion is granted and this action is dismissed.

So ordered.