Bernard F. McCaffrey, J.
This was a nonjury trial of an action which was instituted by the plaintiff to recover money damages for an alleged assault and battery, and for false arrest and malicious prosecution. The defendants have denied the claims of the plaintiff, and the defendant, John Bucalo, has interposed a counterclaim seeking the identical relief as pleaded by the plaintiff. During the course of the trial the court dismissed the cause of action against the defendant, Virginia Bucalo.
This action emanated from an occurrence on May 15, 1972. At approximately 3:00 p.m. on this date, the plaintiff in the course of his employment caused a parked car owned by defendant’s wife, Virginia Bucalo, to be towed away from a private street. Around 4:00 p.m. the defendant, John Bucalo, *591 went to plaintiff’s employer’s office inquiring as to the car and was informed of its location in a garage a few miles away, and the cost to redeem the car. The defendant left, went to the garage and without paying the redemption fee drove the car to his home where he alleges that he observed the car to be damaged. Sometime after 5:00 p.m. he returned to plaintiff’s employer’s office, and an incident occurred which serves as the basis of this controversy.
During the course of the trial the court received into evidence transcript of record of the Criminal Court of the City of New York, as plaintiff’s exhibit No. 5. This exhibit contains information showing that the defendant, John Bucalo, was found guilty after a trial on August 8, 1972, by a Judge of the Criminal Court of the City of New York of a violation of subdivision 1 of section 240.25 of the Penal Law. The plaintiff in his posttrial memorandum contends that the doctrine of collateral estoppel is applicable. Plaintiff urges that, since plaintiff’s exhibit No. 5 establishes defendant’s conviction of harassment, the aforesaid conviction in the criminal proceeding is determinative of the assault and battery allegations in his complaint in this action. The plaintiff is erroneous in his contention.
The present day doctrine of collateral estoppel, as established in S. T Grand, Inc. v City of New York (32 NY2d 300), holds that a judgment of conviction in a criminal prosecution must now be deemed conclusive proof of its underlying facts in a subsequent civil action. However, prior to the invocation of the doctrine of collateral estoppel, two necessary requirements must be present: "There must be an identity of issue which has necessarily been decided in the prior action and is decisive of the present action, and second, there must have been a full and fair opportunity to contest the decision now said.to be controlling.” (Schwartz v Public Administrator of County of Bronx, 24 NY2d 65, 71.)
The Penal Law statute which the defendant, John Bucalo, was convicted of violating, reads:
"§ 240.25 Harassment
"A person is guilty of harassment when, with intent to harass, annoy or alarm another person:
"1. He strikes, shoves, kicks or otherwise subjects him to physical contact, or attempts or threatens to do the same”.
Both parties consented to the receipt in evidence of a copy of the transcript of the minutes of the criminal trial as a court *592 exhibit, for the limited purpose of consideration as it may relate to the question of collateral estoppel. At the conclusion of the trial, the Judge of the Criminal Court before whom this case was tried, in his pronouncement as to the defendant, Bucalo, stated: "The Court finds the defendant guilty of harassment.” However, no finding was made by the Criminal Court Judge of the specific act or acts by which the defendant violated subdivision 1 of section 240.25, i.e., whether he was guilty of actually striking, shoving or kicking, or more significantly whether the defendant was only guilty of attempting or threatening the afore-mentioned acts of striking, shoving or kicking.
In a civil action the elements which determine the liability for an assault and battery are, (1) bodily contact, (2) that such contact be harmful or offensive in nature, and (3) that defendant intended to make the contact. (Masters v Becker, 22 AD2d 118.) Thus, this element in the civil action before this court requires a determination as to whether or not the defendant, John Bucalo, actually made physical or bodily contact with the plaintiff. Further, were the determination by the Judge in the Criminal Court action in arriving at his conclusion that the defendant, Bucalo, was guilty of harassment based upon a finding that he had struck, shoved, kicked or otherwise subjected the plaintiff, Gilbert Portnoy, to physical contact, the court would consider such finding to be dispositive of this civil action on the basis of collateral estoppel. On the other hand, if the Criminal Court conviction was founded on an attempt to undertake any of the afore-mentioned acts, this court would deem the doctrine of collateral estoppel inapplicable in the present civil action. However, in that the record of the criminal trial reflects only that the defendant was found guilty of harassment in violation of subdivision 1 of section 240.25 of the Penal Law, this court is unable to ascertain whether the Criminal Court in arriving at its judgment relied upon an actual physical or bodily contact, or upon attempts or threats of bodily contact. Therefore, this court is unable to conclude that the Criminal Court judgment was based upon the issue of bodily contact which is presently before this court. Thus, the doctrine of collateral estoppel is not applicable in the instant action.
As to the trial itself, although both parties sought relief, in addition to cross claims for assault and battery, on the basis of false arrest and malicious prosecution, they failed to submit *593 evidence to substantiate a recovery for these alleged torts. Their trial efforts were directed solely to establishing a right of recovery and defenses incident to a cause of action for assault and battery. The court finds that the plaintiff, Gilbert Portnoy, has established by a fair preponderance of the credible evidence presented at this trial, independent of plaintiff’s exhibit No. 5 — transcript of record of the Criminal Court of the City of New York — that he is entitled to recover from the defendant for the intentional tort of assault and battery. However, as to the defendant, John Bucalo’s counterclaim for assault and battery, based on the credible evidence, the court finds he has failed to sustain the burden of proof necessary to be awarded a judgment, and accordingly his counterclaim is dismissed.
Ordinarily, a plaintiff who has established his right to recover for assault and battery would be entitled to, as damages, compensation for the injury and pain and suffering, and any special danger incurred. (McCombs v Hegarty, 205 Misc 937.) In addition, punitive damages may be awarded. (Connors v Walsh, 131 NY 590.) The only evidence offered at the trial relative to the question of damages was the testimony of the plaintiff, Gilbert Portnoy. The plaintiff testified he had injured his left shoulder as a result of being struck by defendant. Treatment for this injury necessitated visits to a physician on four occasions, and eight or nine visits to a chiropractor. He further testified he still suffered from pain when attempting to do any lifting involving his left shoulder. There was not presented any direct medical evidence, or any testimony, as to the approximate cost of the aforesaid treatments. Accordingly, the plaintiff is awarded, as damages, the sum of $750. Further, the facts surrounding the assault and battery are not sufficient to substantiate an inference of malice.
All motions upon which the court reserved decision are resolved in accordance with this decision.