Richard LAMBERTSON,
Plaintiff-Appellant,

v.

UNITED STATES of America,
Defendant-Appellee.

No. 135, Docket 75–6033.

United States Court of Appeals,
Second Circuit.

Argued Oct. 28, 1975.

Decided Jan. 14, 1976.

Anthony F. Endieveri, Camillus, N. Y., for plaintiff-appellant.

George H. Lowe, Asst. U. S. Atty., N. D. N. Y. (James M. Sullivan, Jr., U.S., Atty., N. D. N. Y.), for defendant-appellee.

Before MOORE, OAKES and VAN GRAAFEILAND, Circuit Judges.

VAN GRAAFEILAND, Circuit Judge:

This is an appeal from an order of Judge Edmund Port of the United States District Court for the Northern District of New York dismissing plaintiff's action against the United States as barred by 28 U.S.C. § 2680(h). We affirm.

Appellant, an employee of Armour & Co., sustained serious injuries to his mouth as a result of the actions of one William Boslet, a meat inspector for the United States Department of Agriculture. For the most part, the circumstances of the incident are not in dispute. What variations do exist are not significant for purposes of this appeal.

On August 30, 1972, a truck shipment of beef arrived at the receiving dock of Armour's Syracuse plant. Plaintiff was one of the employees assigned to unload this truck. While he was so engaged, he was suddenly and without warning jumped by Boslet[1] who, screaming "boo", pulled plaintiff's wool stocking hat over his eyes and, climbing on his back, began to ride him piggyback. As a result of this action, plaintiff fell forward and struck his face on some meat hooks located on the receiving dock[2] suffering severe injuries to his mouth and teeth.

---

1. Boslet was on duty at the time.

2. These meat hooks were no more than six inches away from plaintiff's head when Boslet jumped on his back.

It is apparently agreed by all witnesses that the mishap was the result of one-sided horseplay with no intention on Boslet's part to injure plaintiff. Indeed, immediately after the incident Boslet apologized to plaintiff, telling him that he was only playing around and meant no harm.

Seeking redress for his injuries, plaintiff commenced the instant action against the United States pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346(b).

■ Traditionally, the sovereign has always been immune from suit. To alleviate the harshness of this rule, Congress enacted the Federal Tort Claims Act which permits civil actions against the United States for personal injury and property damage caused by the "negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b). 28 U.S.C. § 2680, however, lists several claims expressly excepted from the purview of the Act, among which are any claims arising out of an assault or battery.[3] Since the United States has not consented to be sued for these torts, federal courts are without jurisdiction to entertain a suit based on them. *Gardner v. United States*, 446 F.2d 1195, 1197 (2d Cir. 1971), *cert. denied*, 405 U.S. 1018, 92 S.Ct. 1300, 31 L.Ed.2d 481 (1972); *United States v. Taylor*, 236 F.2d 649, 652 (6th Cir. 1956), *cert. dismissed per stipulation*, 355 U.S. 801, 78 S.Ct. 6, 2 L.Ed.2d 19 (1957).

Although his order contains no express statement to that effect, the parties agree that the sole basis for Judge Port's dismissal was his conclusion that Boslet's actions constituted a battery. Appellant contests this conclusion and steadfastly maintains that his complaint sounds in negligence.[4]

■ In determining the applicability of the § 2680(h) exception, a court must look, not to the theory upon which the plaintiff elects to proceed, but rather to the substance of the claim which he asserts. *United States v. Faneca*, 332 F.2d 872 (5th Cir. 1964), *cert. denied*, 380 U.S. 971, 85 S.Ct. 1327, 14 L.Ed.2d 268 (1965); *Klein v. United States*, 268 F.2d 63 (2d Cir. 1959); *Coffey v. United States*, 387 F.Supp. 539 (D.Conn.1975). Since there is no dispute as to the facts herein and no contention that all pertinent facts were not before the District Court, we need consider only whether Judge Port erred in labeling Boslet's attack upon plaintiff as a battery.

■ For the "ordinary common-law torts" which were "uppermost in the collective mind of Congress" when the Tort Claims Act was enacted, *Dalehite v. United States*, 346 U.S. 15, 28, 73 S.Ct. 956, 97 L.Ed. 1427 (1953), the law of the place where the act occurred is controlling. 28 U.S.C. § 1346(b); *United States v. Muniz*, 374 U.S. 150, 153, 83 S.Ct. 1850, 10 L.Ed.2d 805 (1963); *Feres v. United States*, 340 U.S. 135, 142, 71 S.Ct. 153, 95 L.Ed. 152 (1950); *Grant v. United States*, 271 F.2d 651, 654 (2d Cir. 1959). The "law of the place" means the "whole law" of the state where the incident took place, *i. e.,* "the principles of law developed in the common law and refined by statute and judicial decision." *Richards v. United States*, 369 U.S. 1, 7, 82 S.Ct. 585, 589, 7 L.Ed.2d 492 (1962).[5]

---

**3.** Section 2680 reads in pertinent part as follows:

The provisions of this chapter and section 1346(b) of this title shall not apply to—

. . . . .

(h) Any claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse or process, libel, slander, misrepresentation, deceit, or interference with contract rights.

**4.** In paragraph "2" of his complaint, plaintiff alleges that the attack upon him occurred "without any provocation or justification whatsoever." In paragraph "4", he alleges that Boslet "negligently and/or wrongfully" injured him.

**5.** For purposes of this discussion, we need not concern ourselves with the "novel and unprecedented forms of liability", *United States v. Muniz*, 374 U.S. 150, 159, 83 S.Ct. 1850, 1856,

██ The purpose of the Act was to remove the Government's sovereign immunity from suits in tort and, with certain exceptions, to render it liable "as a private individual would be under like circumstances." *Id.* at 6, 82 S.Ct. at 589. Thus, if the state would look to a state or federal statute in determining the liability of a private person for the tort in question, the same statute will be applied in measuring the conduct of the Government; otherwise it will not. *Hess v. United States,* 361 U.S. 314, 319, 80 S.Ct. 341, 4 L.Ed.2d 305 (1960); *Gowdy v. United States,* 412 F.2d 525 (6th Cir.), *cert. denied,* 396 U.S. 960, 90 S.Ct. 437, 24 L.Ed.2d 425 (1969). The Government will not be required to comply with the "significantly different", *Eaton v. Long Island R.R. Co.,* 398 F.2d 738, 741 (2d Cir. 1968), and "substantially more liberal", *Lindauer v. New York Central R.R. Co.,* 408 F.2d 638, 640 (2d Cir. 1969), standards of negligence of such statutes as the Federal Employers Liability Act or the Jones Act if a private individual in a like situation would not be required to do so.

██ It is hornbook law in New York, as in most other jurisdictions, that the intent which is an essential element of the action for battery is the intent to make contact, not to do injury. *Masters v. Becker,* 22 A.D.2d 118, 254 N.Y.S.2d 633 (2d Dept. 1964); *Baldinger v. Banks,* 26 Misc.2d 1086, 201 N.Y.S.2d 629 (Sup.Ct. Kings Co. 1960); N.Y. Pattern Jury Instructions 584; W. Prosser, Law of Torts § 8, at 31 (4th ed. 1971); 1 Harper and James, The Law of Torts 216 (1956). As the court stated in *Masters, supra,* 22 A.D.2d 120, 254 N.Y.S.2d 635:

> A plaintiff in an action to recover damages for an assault founded on bodily contact must prove only that there was bodily contact; that such

contact was offensive; and that the defendant intended to make the contact. The plaintiff is not required to prove that defendant intended physically to injure him. Certainly he is not required to prove an intention to cause the specific injuries resulting from the contact.

██ Harper and James put it that "it is a battery for a man . . . to play a joke upon another which involves a harmful or offensive contact." Prosser says that a "defendant may be liable where he has intended only a joke." *Accord* Restatement (Second) of Torts § 13, comment c (1965). Since there is not the remotest suggestion that Boslet's leap onto plaintiff's back, his piggy back ride and his use of plaintiff's hat as a blindfold might have been accidental, there was no error in the District Court's determination that it was a battery.

To say that plaintiff's claim was not one "arising out of" a battery would be to blink at the exclusionary provisions of § 2680. This has not been done in other cases in which plaintiffs have sought to avoid the intentional tort exclusions of § 2680 by claims of negligence. *See Klein v. United States, supra*—false arrest; *Blitz v. Boog,* 328 F.2d 596 (2d Cir.), *cert. denied,* 379 U.S. 855, 85 S.Ct. 106, 13 L.Ed.2d 58 (1964)—false imprisonment; *Duenges v. United States,* 114 F.Supp. 751 (S.D.N.Y.1953)—false arrest and imprisonment; *Jones v. United States,* 207 F.2d 563 (2d Cir. 1953), *cert. denied,* 347 U.S. 921, 74 S.Ct. 518, 98 L.Ed. 1075 (1954)—misrepresentation; *United States v. Neustadt,* 366 U.S. 696, 81 S.Ct. 1294, 6 L.Ed.2d 614 (1961)—misrepresentation; *United States v. Faneca, supra*—assault and battery; *Stepp v. United States,* 207 F.2d 909 (4th Cir. 1953), *cert. denied,* 347 U.S. 933, 74 S.Ct. 627, 98 L.Ed. 1084 (1954)—assault and battery; *Alaniz v. United States,* 257

---

10 L.Ed.2d 805 (1963), which have made difficult the application of an apparently simple rule. Claims arising from such things as sonic booms, *Laird v. Nelms,* 406 U.S. 797, 92 S.Ct. 1899, 32 L.Ed.2d 499 (1972), improper lighthouse service, *Indian Towing Co. v. United*

*States,* 350 U.S. 61, 76 S.Ct. 122, 100 L.Ed. 48 (1955) and injuries in military service, *Feres v. United States,* 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950), do not lend themselves readily to the application of local state law.

F.2d 108 (10th Cir. 1958)—assault and battery; *Coffey v. United States, supra* —assault and battery; *Nichols v. United States*, 236 F.Supp. 260 (N.D.Miss.1964) —assault and battery.

We would find it much more pleasant to reach a decision based on what we wish Congress had said, rather than what it did say. However, to permit plaintiff to recover by "dressing up the substance" of battery in the "garments" of negligence would be to "judicially admit at the back door that which has been legislatively turned away at the front door." *Laird v. Nelms*, 406 U.S. 797, 802, 92 S.Ct. 1899, 1902, 32 L.Ed.2d 499 (1972).

Affirmed.

OAKES, Circuit Judge (concurring):

Were we writing on a clean slate, a good argument could be made for the proposition that the "battery" exclusion in 28 U.S.C. § 2680(h) was intended to apply only to cases where bodily harm was intended and not to cases involving a "technical battery." *See Lane v. United States*, 225 F.Supp. 850, 852 (E.D.Va. 1964) (surgeon's operating on wrong knee held actionable though a " 'technical' assault and battery"). *See also Hulver v. United States*, 393 F.Supp. 749 (W.D.Mo.1975); W. Prosser, Law of Torts § 131, at 972–73 & n.27 (4th ed. 1971). The legislative history of the Federal Tort Claims Act is most unclear and we are not bound by any so-called rule of "strict" or "liberal" construction. *See Panella v. United States*, 216 F.2d 622, 624 (2d Cir. 1954).

But the weight of authority in our own court as elsewhere is, as Judge Van Graafeiland's opinion suggests, to the effect that the exclusions in § 2680(h) of the so-called "intentional torts" are to be read in their usual, legalistic sense which in the case of "battery" quite clearly contemplates an "intention of inflicting upon another an offensive but not a harmful bodily contact. . . ." Restatement (Second) of Torts § 16(1) (1965). Our own *Klein v. United States*, 268 F.2d 63 (2d Cir. 1959) (per curiam)

(false arrest not actionable though plaintiff negligently exposed to the elements in course thereof), impels me to the narrow view of governmental liability taken in Judge Van Graafeiland's opinion. Accordingly I concur.