UNITED STATES of America et al.,
Appellants,

v.

Cyril T. FANECA, Jr., Appellee.

No. 20906.

United States Court of Appeals
Fifth Circuit.

June 1, 1964.

John W. Douglas, Asst. Atty. Gen., Sherman L. Cohn, Stephen B. Swartz, Attys., Dept. of Justice, Robert E. Hauberg, U. S. Atty., Washingon, D. C., for appellants.

Edward L. Cates, Jackson, Miss., for appellee.

Before RIVES, WISDOM and GEWIN, Circuit Judges.

RIVES, Circuit Judge.

The plaintiff, Cyril T. Faneca, Jr., filed this suit to recover damages resulting from alleged tortious and unconstitutional conduct in connection with the Government's efforts to effect the enrollment of James H. Meredith, a Negro, as a student at the University of Mississippi pursuant to the orders of this Court and the District Court for the Southern District of Mississippi. The defendants are the United States; Nicholas de B. Katzenbach, Deputy Attorney General of the United States; and James P. McShane, Chief of the Executive Office of the United States Marshals. The District Court for the Southern District of Mississippi denied the defendants' motion for summary judgment and motions to dismiss. This interlocutory appeal was certified and granted in accordance with 28 U.S.C. § 1292(b).

As against the United States, plaintiff sues under the Federal Tort Claims Act, 28 U.S.C. § 1346(b). Plaintiff alleges that the presence of the defendants on the campus of the University of Mississippi caused a large crowd of persons to congregate around the Lyceum Building; that on the wrongful and negligent command of the defendants tear gas or other riot gas projectiles were negligently fired into the crowd, thus provoking a riot or disturbance; and, further, that the United States, Katzenbach, and McShane lacked skill and ability in the formulation of plans or control of their personnel and should have known that the Deputy Marshals and Border Patrolmen were immature, nervous, or unseasoned in the use of gas projectiles and the controlling of large groups of persons. The plaintiff, a student at the University of Mississippi, alleges that he was walking on the campus when he was confronted by a group of marshals and Border Patrolmen, who, without warning or provocation, "wrongfully and in a negligent manner" charged toward plaintiff and fired gas projectiles at him, despite the fact that he begged them not to do so. He alleges that this denied him his rights to freedom of speech, to peacefully assemble, to life and liberty under due

process of law, and to the equal protection of the laws.

The allegations in plaintiff's counts against Katzenbach and McShane are the same as those under the Federal Tort Claims Act, except that he alleges that the marshals and Border Patrolmen who fired at plaintiff did so willfully, intentionally, and purposefully, and acted under instructions by the defendants. No conspiracy is alleged.

 Insofar as the plaintiff seeks recovery from the Deputy Attorney General and the Chief of the Executive Office for the United States Marshals, we make specific reference to our discussion of the doctrine of official immunity in No. 20722, Norton v. McShane, 5 Cir., 332 F.2d 855. Under the principles stated therein, it is clear that the formulation or plans and the manner of control over Government personnel were functions within the outer perimeter of the line of duty of these officers and involved decisions which it was necessary that they be free to make without fear or threat of vexations or fictitious suits. The defendants are therefore immune from liability. Again, 42 U.S.C. § 1983 does not apply since defendants were acting under color of federal law, not state law.

The plaintiff asserts that the United States is liable under the Federal Tort Claims Act, 28 U.S.C. § 1346(b). The United States, however, states that the Act is not applicable because of the exception in 28 U.S.C. § 2680(a). Section 2680 provides in part:

"The provisions of this chapter and section 1346(b) of this title shall not apply to—

"(a) Any claim * * * based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." (Emphasis added.)

The primary authority on "discretionary function or duty" is Dalehite v. United States, 1952, 346 U.S. 15, 73 S.Ct. 956, 97 L.Ed. 1427, which dealt with the decision to use certain explosives in the preparation of FGAN fertilizer. The Court said:

"The 'discretion' protected by the section is not that of the judge—a power to decide within the limits of positive rules of law subject to judicial review. It is the discretion of the executive or the administrator to act according to one's judgment of the best course, a concept of substantial historical ancestry in American law." 346 U.S. at 34, 73 S.Ct. at 967.

The Court added:

"It is necessary to define, apart from this case, percisely where discretion ends. It is enough to hold, as we do, that the 'discretionary function or duty' that cannot form a basis for suit under the Tort Claims Act includes more than the initiation of programs and activities. It also includes determinations made by executives or administrators in establishing plans, specifications or schedules of operations. Where there is room for policy judgment and decision there is discretion. It necessarily follows that acts of subordinates in carrying out the operations of government in accordance with official directions cannot be actionable. If it were not so, the protection of § 2680(a) would fail at the time it would be needed, that is, when a subordinate performs or fails to perform a causal step, each action or nonaction being directed by the superior, exercising, perhaps abusing, discretion." 346 U.S. 35–36, 73 S.Ct. at 968. (Emphasis added.)

 Just as the tasks of carrying out the orders of this Court and of handling an unruly mob are among the responsibilities of the Chief Marshal and the Deputy Attorney General, so is the choice of means for performing these tasks peculiarly within their discretion. The discretion to choose the modus operandi

and to decide the time in which to put it into action was specifically delegated to McShane and Katzenbach.

■ The plaintiff argues that Logan v. United States, 1892, 144 U.S. 263, 12 S.Ct. 617, 36 L.Ed. 429, establishes a federal *duty* to protect law and order and the administration of federal justice; he then contrasts "governmental duty" with "discretionary function." The same argument was rejected in Dalehite. Section 2680(a) excepts from the Tort Claims Act both discretionary functions and discretionary duties. It is clear that the United States has a *duty* to maintain law and order and to enforce the commands of its courts; just how best to fulfill this duty is wholly within the *discretion* of its officers. Of course, absent waiver of sovereign immunity in the Tort Claims Act or elsewhere, there can be no suit against the United States.

■ Nor can plaintiff recover under the Tort Claims Act for the "negligent" firing on him by the group of marshals and Border Patrolmen. Section 2680(h) of title 28 excepts from the Act claims arising from intentional torts such as assault and battery. The tort plaintiff is complaining of is in essence assault and battery, and his allegations of negligence are not sufficient to avoid section 2680(h). See Alaniz v. United States, 10 Cir. 1958, 257 F.2d 108; Stepp v. United States, 4 Cir. 1953, 207 F.2d 909, cert. denied, 347 U.S. 933, 74 S.Ct. 627, 98 L.Ed. 1084; Lewis v. United States, 3 Cir. 1952, 194 F.2d 689; cf. Klein v. United States, 2 Cir. 1959, 268 F.2d 63. The fact that constitutional rights may also have been invaded is not in itself sufficient to avoid the exception of section 2080(h). Cf., Bell v. Hood, S.D.Cal.1947, 71 F.Supp. 813, 817.

The judgment of the district court is reversed and the cause remanded with directions to enter judgment for the defendants on their motion for summary judgment.

Reversed with directions.

GEWIN, Circuit Judge (concurring in part and dissenting in part):

I concur in the result reached by the majority with respect to the non-liability of the United States under the Federal Tort Claims Act, 28 U.S.C.A. 1346(b). Under the facts alleged and in the circumstances of the case, I likewise concur with the result reached as to the alleged wrongful and negligent acts on the part of the individual defendants.

With respect to the conduct of the defendants (other than the United States) which is alleged to be willful, intentional and purposeful, I respectfully dissent, for the reasons stated in my dissent in the case of Norton, et al. v. McShane, et al., No. 20722, 5 Cir., 332 F.2d 855.