**HERDER TRUCK LINES, for the Use and Benefit of Liberty Mutual Insurance Company, Appellant,**
v.
**UNITED STATES of America, Appellee.**
**No. 20958.**

United States Court of Appeals
Fifth Circuit.
July 29, 1964.

---

262

James E. Tribble, Robert Asti, Blackwell, Walker & Gray, Miami, Fla., for appellant.

Richard S. Salzman, Morton Hollander, Attys., Dept. of Justice, John W. Douglas, Asst. Atty. Gen., Washington, D. C., William A. Meadows, U. S. Atty., Alfred E. Sapp, Asst. U. S. Atty., Miami, Fla., Edith House, U. S. Atty., Washington, D. C., for appellee.

Before RIVES, BELL and WRIGHT,[*] Circuit Judges.

RIVES, Circuit Judge.

This appeal is from a final judgment dismissing the plaintiff's complaint as against the United States.[1] Some of the parts and materials listed on the government bills of lading were not delivered, and the United States withheld the value of the missing cargo, some $18,283.66, from freight charges due the terminal carrier, Herder Truck Lines.

As originally filed, the complaint consisted of a single count against the three defendants, and alleged that the shortages resulted from the fault of one or more of them. The gist of the plaintiff's complaint against the United States is found in paragraph 22 of the original count,[2] alleging in substance that there

---

[*] Of the D.C. Circuit, sitting by designation.

1. Entered pursuant to Rule 54(b), Fed. R.Civ.P. The action remains pending in the district court against a government contractor which arranged for the shipment of some parts and materials owned by the United States, and against an intermediate carrier of that shipment.

2. "22. In the alternative, the plaintiff says that at the time and place referred to in the next preceding paragraph hereof, defendant, AERODEX, INC., was acting as the duly authorized agent of the UNITED STATES OF AMERICA, United States Air Force, and under the directions of the Air Force Officers in control of the Miami area, and upon their instructions and directions, or as a result of their negligence and inattention, the said AERODEX, INC., did procure the shipments aforesaid, (being the collection of airplane propeller shafts, cylinders and machinery parts being government property more fully described in the exhibits hereto), to be made on the basis of the 'shipper's count and weight'; that it was so contrived and arranged then and there that AERODEX, INC., as such agent, did load the said trailers and did procure the sealing thereof, and acceptance thereof, by Tamiami Trail Tours, Inc., for transportation to the intermediate carrier, without verification as to the contents of the said trailers and without knowledge or notice of the shortage (and non-delivery to said initial carrier) of those certain parts of the value of $17,599.45 and $684.21, respectively, as described in such next preceding paragraph hereof; all to the end that there was in truth and in fact no loss, destruction or shortage of the said airplane propeller shafts, cylinders and machinery parts during the transportation period and while said shipments were in the custody of and under the control of,

was a conversion or a negligent loss of a part of the goods by an agent of the United States before or at the time of the delivery of such goods to the initial carrier. The count sought a recovery from the United States and from the other two defendants of the full amount of $18,283.66 plus interest and costs.

A second count was added to the complaint by amendment. The second count was against the United States alone and sought recovery of $9,141.83 on the ground that the United States withheld payment of freight charges due the plaintiff in a sum equal to twice the actual value of the undelivered goods.

The Federal Tort Claims Act vests the district court with jurisdiction of actions against the United States for damages caused by negligent or tortious misconduct.[3] The Tucker Act[4] vests the district court with jurisdiction of actions against the United States founded upon contracts for sums under $10,000.00, suits for larger amounts being reserved for the Court of Claims.

■ While phrased as a tort action, the first count is essentially founded upon contract, the government bills of lading. That the Federal Tort Claims Act does not vest the district court with jurisdiction of such an action clearly appears from that part of Woodbury v. United States, 9 Cir. 1963, 313 F.2d 291, 295, which was quoted with approval by this Court in United States v. Smith, 1963, 324 F.2d 622, 625:

> "Many breaches of contract can also be treated as torts. But in cases such as this, where the 'tort' complained of is based entirely upon breach by the government of a promise made by it in a contract, so that the claim is in substance a breach of contract claim, and only incidentally and conceptually also a tort claim, we do not think that the common law or local state law right to 'waive the breach and sue in tort'

the motor vehicle common carriers hereinabove described for which the plaintiff was responsible."

brings the case within the Federal Tort Claims Act. The notion of such waiver of breach and suit in tort is a product of the history of English forms of action; it should not defeat the long established policy that government contracts are to be given a uniform interpretation and application under federal law, rather than being given different interpretations and applications depending upon the vagaries of the laws of fifty different states."

Compare United States v. Faneca, 5 Cir., 332 F.2d 872, decided June 1, 1964.

■ The plaintiff's position in the district court to the effect that the complaint was not framed under the Tucker Act was changed when the second count was added by amendment. That count clearly states a claim for breach of contract in withholding freight charges due and owing under the contract of carriage. The district court has jurisdiction of that claim under the Tucker Act.

■ The second count seeks relief against the United States alone, and as to that count relief against the other defendants may be ignored. The fact that two other defendants are sued in the first count does not make maintenance of the suit against them a prerequisite to the prosecution of the suit against the United States. For that reason the principle stated in United States v. Sherwood, 1941, 312 U.S. 584, 585, 591, 61 S.Ct. 767, 85 L.Ed. 1058, does not operate to divest jurisdiction of the district court. There should, however, be a separate trial of the issues under the second count as permitted by Rule 20(b), Fed.R.Civ. P.

While the United States was properly dismissed from the first count, its dismissal as a party defendant to the second count is reversed subject to the indicated direction of a separate trial.

Reversed.

3. 28 U.S.C.A. § 1346(b).

4. 28 U.S.C.A. § 1346(a) (2).