August E. SCHARTNER, Jr., Petitioner-Appellant,

v.

Hon. Sidney O. SMITH, Jr., Judge, U. S. District Court, Northern District of Georgia, et al., Respondents-Appellees.

No. 71–2285

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Oct. 19, 1971.

August E. Schartner, Jr., pro se.

John W. Stokes, Jr., U. S. Atty., Beverly B. Bates, Asst. U. S. Atty., Atlanta, Ga., for respondents-appellees.

Before THORNBERRY, MORGAN and CLARK, Circuit Judges.

PER CURIAM:

August E. Schartner, Jr. filed a complaint under the Civil Rights Act [1] against the United States Attorney for the Northern District of Georgia, the Clerk of the United States District Court for the Northern District of Georgia, and the Honorable Sidney O. Smith, Jr., United States District Judge for the Northern District of Georgia, seeking 1,000,000 dollars in damages for their alleged negligence and/or false representations in the performance of their official duties arising from the erroneous dismissal of Schartner's petition for habeas corpus on grounds of mootness.

---

* [1] Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of N.Y. et al., 431 F.2d 409, Part I (5th Cir. 1970).

1. 42 U.S.C.A. § 1981 et seq., 28 U.S.C.A. § 1343.

■ The court below dismissed the appellant's civil rights action for failure to state a claim upon which relief could be granted. The ruling of the district court is correct since officials of the United States Government are immune from liability under the Civil Rights Act for acts done under color of federal law, without a specific allegation that their acts were the result of a conspiracy to deprive the appellant of his federally protected rights. Gallizzi v. Williams, 423 F.2d 1213 (5th Cir. 1970); Norton v. McShane, 332 F.2d 855 (5th Cir. 1964), cert. denied 380 U.S. 981, 85 S.Ct. 1345, 14 L.Ed.2d 274 (1965); United States v. Faneca, 332 F.2d 872 (5th Cir. 1964), cert. denied 380 U.S. 971, 85 S.Ct. 1327, 14 L.Ed.2d 268 (1965); Heyward v. Public Housing Administration, 238 F.2d 689 (5th Cir. 1956); Gregoire v. Biddle, 177 F.2d 579 (2nd Cir. 1948), cert. denied 339 U.S. 949, 70 S.Ct. 803, 94 L.Ed.2d 1363 (1950). *Cf.* Griffin v. Breckenridge, 403 U.S. 88, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971).

Affirmed.