**Elvira Vasquez ZAVALA for herself and as next friend of Maria Guadalupe Zavala Vasquez, a minor**

**v.**

**UNITED STATES of America Acting Through its Agents the Immigration and Naturalization Service.**

Civ. A. No. SA–73–CA–283.

United States District Court,
W. D. Texas,
San Antonio Division.

March 26, 1974.

Albert Armendariz, Sr., El Paso, Tex., for plaintiff.

Edward M. Johnson, Asst. U. S. Atty., San Antonio, Tex., for defendant.

OPINION

CLARY, Senior District Judge.

The case is before the Court on the motion of Government to dismiss. The bases set forth in the motion are lack of jurisdiction of the subject matter and that the Complaint fails to state a claim upon which relief can be granted under the exclusionary provisions of U.S.C. Title 28 § 2680(h).

The basic facts of the case arise out of a border incident which occurred on May 26, 1971. One William S. Hunter, a Border Patrol Agent assigned to Presidio, Texas, completed his tour of duty at midnight on May 25, 1971 and returned to his residence at D & D Trailer

Park, Presidio, Texas. Fifteen minutes later, 12:15 A.M., on May 26, 1971, while conversing with Immigration Inspector Thomas L. Harrison, an old model Chevrolet pickup was observed heading north on U.S. 67, and appeared to be laboring under an extremely heavy load. Within three minutes a Presidio County Deputy Sheriff making his rounds was requested by Border Patrol Agent Hunter and Inspector Harrison to make use of his vehicle to stop the pickup truck since the Sheriff's vehicle had both a red flashing light and siren. At that time the United States agents suspected that the load was marihuana, stolen merchandise or illegal aliens. At a point about four miles north of Presidio, Texas on U.S. 67, the suspect vehicle was overtaken and the Deputy Sheriff turned on his red light but the suspect vehicle failed to heed the light. The Deputy Sheriff then sounded his siren, in conjunction with his red light which the suspect vehicle failed to heed. The vehicle then commenced to zig zag from one side of the pavement to the other, slowed down and drove on the shoulder of the highway and two males were observed to alight and run from the passenger side of the pickup. The driver then sped up and attempted to ram the Deputy Sheriff's vehicle to no avail and then in rapid succession, three gun flashes were seen coming from the driver's side of the pickup truck. The fire was returned in an attempt to puncture the rear tires of the pickup truck. Both rear tires were punctured but the driver managed to guide his vehicle to the extreme left hand side of the highway, where he abandoned the vehicle and made his escape into the woods and other vegetation bordering the highway. Officer Hunter attempted to pursue the driver but lost him in the darkness. It was then discovered that nine male illegal aliens were in the rear of the pickup truck, one of whom was plaintiff's decedent, shot in the exchange of fire, and who eventually died. His widow now is suing the United States under the Federal Tort Claims Act. The Government in its motion to dismiss, as aforesaid, takes the position that the death falls within the Assault and Battery exception to the Federal Tort Claims Act, 28 U.S.C. § 2680(h).

The plaintiff attempts to base her claim on negligence. The two sections of the Restatement of Torts, 2nd Section 21 and Section 131 seem to be applicable to this case. They read as follows:

§ 21 ASSAULT

(1) An actor is subject to liability to another for assault if

(a) he acts intending to cause a harmful . . . contact with the person of the other or a third person . . . Restatement of the Law, Torts 2d, § 21 at 37 (Emphasis added). (Identical to 18 BATTERY).

§ 131. USE OF FORCE INTENDED OR LIKELY TO CAUSE DEATH. The actor's use of force against another, for the purpose of effecting a privileged arrest of the other, by means intended or likely to cause death is privileged if

(a) the arrest is made . . . without a warrant . . . for a felony which has been committed, and

(b) . . . the actor reasonably believes the offense was committed by the other if the arrest is made without a warrant, and

(c) the actor reasonably believes that the arrest cannot otherwise be effected.

A review of the cases analogous to the present situation shows the entire weight of precedent supports the Government's contentions. The plaintiff, as the Court reads plaintiff's brief, has cited no case in point supporting her assertion of the Government's liability. The leading Fifth Circuit case on the issue is United States v. Faneca, 332 F.2d 872, 875 (1964). In following the above quoted case in Nichols v. United States, 236 F.Supp. 260, 263 (N.D.Miss.1964),

Judge Clayton made the sage observation.

> Plaintiffs here have cast their complaints in terms of negligence . . . this was also true in *Faneca, supra,* . . . and, in the light of *Faneca, supra,* it must be said that the *applicability of the jurisdictional exclusion in 28 U.S.C. 2680(h) cannot turn upon the artistry of the pleader.* The test is not the theory upon which the plaintiff elects to proceed or how artfully the pleadings may have been drawn. Rather, the decisive factor is whether . . . the claim arises out of assault and battery . . . From what has been said, it follows that this court must say that there is no genuine issue as to any material fact and that defendant is entitled to judgment as a matter of law. (Emphasis added).

To like effect are the decisions in Stepp v. United States, 207 F.2d 909, 911 (C.A. 4, 1953); Lewis v. United States, 194 F.2d 689 (C.A. 3, 1952); Pendarvis v. United States, 241 F.Supp. 8 (E.D.S.C.1965).

The arguments of the plaintiff in this case are directed to distinguishing the above cases which is precisely what the plaintiffs in each of the above cases attempted to do and in each instance failed.

The Court, from the facts which are outlined at the beginning of this Opinion, concludes that the agents were firing not only to halt the truck, but also returning gunfire which certainly endangered their lives. The law never prohibits law enforcement officers to defend their lives and to effect a lawful arrest upon probable cause which is the situation here. Restatement of Torts § 131, *supra.*

Under all the circumstances in the case, the Court finds that plaintiff has failed to state a case upon which recovery can be had and that the exclusionary provisions of 28 § 2680(h) are applicable. The motion of the Government to dismiss is granted and the case is dismissed with prejudice and it is so ordered.