**Monica MALONE et al., Plaintiff,**

**Shippers Dispatch, Inc., Defendant-Third Party Plaintiff-Appellant,**

**v.**

**UNITED STATES of America, Third Party Defendant-Appellee.**

**No. 77–3005.**

United States Court of Appeals,
Sixth Circuit.

Argued June 21, 1978.

Decided Aug. 17, 1978.

Richard T. Reminger, Reminger & Reminger Co., L.P.A., W. Frederick Fifner, Cleveland, Ohio, for defendant-third party plaintiff-appellant.

James R. Williams, U. S. Atty., Cleveland, Ohio, Ronald R. Glancz, John J. Farley, III, Dept. of Justice, Washington, D. C., for third party defendant-appellee.

Before EDWARDS, KEITH and MERRITT, Circuit Judges.

MERRITT, Circuit Judge.

The appellant, Shippers Dispatch, Inc., a truck line (herein called "Shippers"), appeals from a judgment of District Judge Manos in the Northern District of Ohio dismissing Shippers' third party defendant complaint against the United States under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671–80. The District Court dismissed the third party complaint for lack of subject matter jurisdiction. We affirm the judgment of the District Court. We hold that the complaint fails to state a cause of action for relief under Rule 12(b)(6), Federal Rules of Civil Procedure.

Plaintiffs filed a damage suit in state court in Ohio seeking compensation for wrongful death and personal injuries against Shippers resulting from a collision involving their car and a truck owned by Shippers and driven by Shippers' employee, Willie Hall. Shippers removed the action to the United States District Court for the Northern District of Ohio on the basis of diversity of citizenship.

On January 13, 1976, the "Joint Answer of Defendants and Third Party Complaint of Shippers Dispatch, Inc." was filed naming the United States as the third party defendant and alleging that Shippers was compelled to hire the truck driver, Willie Hall, pursuant to a judicial decree in an equal employment civil rights case in the District of Columbia against a number of truck lines in which Shippers was one of the defendants. Shippers claim that it was entitled to full indemnification from the United States because "the legal position of Shippers Dispatch, Inc. is but passive, secondary and involuntary to the active, primary and mandatory position of third party defendant, United States of America." As a result of the equal employment civil rights case filed by the government, Shippers entered into a consent decree which, according to the complaint, "established mandatory provisions for the qualification for drivers to be hired . . . wherein a minimum of 33⅓% . . . were to be of specific minority in origin [black and hispanic] and that such qualifications . . . were less than qualifications and standards" which Shippers had previously adopted, "all of which has resulted in increased accident exposure upon the highways." Shippers further alleged in the third party complaint that "pursuant to the aforesaid judicial [consent] decree . . . it was compelled to hire one Willie Hall, a defendant herein . . . whose qualifications as an over-the-road driver did not meet the [prior] standards of Shippers . . . and that subsequently thereto one Willie Hall was involved in the aforesaid accident."

Thus, according to the complaint, Shippers established an affirmative action program for drivers to be hired and adopted goals or ratios for hiring pursuant to an agreement with the EEOC contained in a consent decree negotiated with lawyers for the EEOC and the Department of Justice. Shippers hired the black truck driver involved in the accident under the affirmative action program, and now sues the government under the Federal Tort Claims Act for indemnity on the theory that it would not have hired the black truck driver if the consent decree had not required it to "lower its standards."

The complaint must be dismissed for failure to state a cause of action. The complaint does not allege any negligent or

wrongful conduct on the part of the United States as required by the Federal Tort Claims Act as interpreted by the Supreme Court in *Laird v. Nelms*, 406 U.S. 797, 799, 92 S.Ct. 1899, 32 L.Ed.2d 499 (1971), and cases cited there. In addition, the action of the government in instituting and pursuing a civil rights action against Shippers and in negotiating and reducing to judgment a consent decree falls within the discretionary function exception to the waiver of sovereign immunity in the Federal Tort Claims Act, 28 U.S.C. § 2680(a). *See Dalehite v. United States*, 346 U.S. 15, 73 S.Ct. 956, 97 L.Ed. 1427 (1952); and the discussion of *United States v. Faneca*, 332 F.2d 872 (5th Cir. 1964) contained in *Downs v. United States*, 522 F.2d 990, 997 (6th Cir. 1975).

Accordingly, the judgment of the District Court dismissing the third party complaint filed by Shippers Dispatch, Inc. against the United States is hereby affirmed.