Johnnie B. JONES, Plaintiff,

v.

SEKO MESSENGER, INC., Defendant.

No. 96 C 5427.

United States District Court,
N.D. Illinois,
Eastern Division.

Jan. 30, 1997.

Irwin D. Rozner, Des Plaines, IL, for Johnnie B. Jones.

Paul Edward Peldyak, James R. Madler, Madler, Peldyak & Kripton, Chicago, IL, John Damore Jeske, John D. Jeske & Associates, Ltd., Chicago, IL, for Seko Messenger, Inc.

## MEMORANDUM OPINION AND ORDER

CASTILLO, District Judge.

Plaintiff, JOHNNIE B. JONES, ("Jones"), brings a one-count complaint against defendant, SEKO ROCKET ENTERPRISES, INC., d/b/a SEKO MESSENGER, INC., ("Seko") based upon an alleged violation of 42 U.S.C. § 2000e et seq., Title VII of the Civil Rights Act of 1964. Jones generally alleges that as an employee of Seko he was subject to workplace racial discrimination by

disparate impact and treatment. Defendant Seko has filed a motion to dismiss, which is currently pending before the Court. Defendant Seko contends that this Court lacks jurisdiction, based on Jones' inability to show that he was an employee covered by Title VII. For the reasons that follow, defendant Seko's motion is granted.

### STANDARDS

■■■ Seko seeks the dismissal of this action based in part on the affidavit of its corporate secretary, James Barsano. Plaintiff has opposed the motion by relying on his own affidavit. While the Court is ordinarily limited to an analyzing of the complaint on a motion to dismiss, we may nevertheless consider these affidavits without converting the motion to one for summary judgment because Seko is asserting that the court lacks jurisdiction over the plaintiff's claims. *Crawford v. United States*, 796 F.2d 924, 928 (7th Cir.1986); *Castor v. United States*, 883 F.Supp. 344, 348 (S.D.Ind.1995). When confronted with a jurisdictional dispute, the district court is entitled to receive appropriate evidentiary submissions to resolve it—"any rational mode of inquiry will do." *Crawford*, 796 F.2d at 929. It must then decide the jurisdictional issue, not simply rule that there is or is not enough evidence to have a trial on the issue. "The only exception is in instances when the jurisdictional issue is 'so bound up with the merits that a full trial on the merits may be necessary to resolve the issue.'" *Osborn v. United States*, 918 F.2d 724, 730 (8th Cir.1990) (quoting *Crawford*, 796 F.2d at 929). That exception is not triggered by the facts of this case.

Since Seko seeks a case-dispositive outcome based on its motion and has filed evidentiary materials supporting it, Jones has been notified of the proper manner in which to contest Seko's evidentiary materials and the consequences of failing to do so. *English v. Cowell*, 10 F.3d 434 (7th Cir.1993). Jones has been afforded "a full opportunity to present contradicting affidavits or materials in order to cure a jurisdictional or party defect not capable of being resolved on the words of the complaint." *Id.* at 437 (citing *Fountain v. Filson*, 336 U.S. 681, 69 S.Ct. 754, 93 L.Ed. 971 (1949)). Indeed, Jones has submitted such materials to the court for its consideration in ruling on the instant motion, after being given an opportunity to proceed with formal discovery, including the deposition of James Barsano. Therefore, it is appropriate for the Court to decide the pending motion based on the parties' submissions.

### ANALYSIS

The issue before the Court is whether Jones is Seko's "employee", a status protected under Title VII, or whether he is merely an independent contractor. The Seventh Circuit recently addressed the distinction between an employee and an independent contractor in *Alexander v. Rush North Shore Medical Center*, 101 F.3d 487 (7th Cir.1996). In *Alexander*, the Seventh Circuit reaffirmed its prior holdings in *Knight v. United Farm Bureau Mut. Ins. Co.*, 950 F.2d 377 (7th Cir.1991) and *Ost v. West Suburban Travelers Limousine, Inc.*, 88 F.3d 435 (7th Cir. 1996) and reiterated two principles that apply to this case: (1) a plaintiff must prove the existence of an employment relationship in order to maintain a Title VII action and (2) independent contractors are not protected by Title VII.

■■■ In *Ost*, which involves facts remarkably similar to this lawsuit, the Seventh Circuit used a common law test to determine that a limousine driver was an independent contractor rather than an employee of a dispatching company. This common law test requires a Court to focus on five factors:

(1) the extent of the employer's control and supervision over the worker, including directions on scheduling and performance of work, (2) the kind of occupation and nature of skill required, including whether skills are obtained in the workplace, (3) responsibility for the costs of operation, such as equipment, supplies, fees, licenses, (4) method and form of payment and benefits, and (5) length of job commitment and/or expectations.

*Ost*, 88 F.3d at 438 (quoting *Knight*, 950 F.2d at 378–79). "Of [the] several factors to be considered, the employer's right to control is the most important when determining whether an individual is an employee or an inde-

pendent contractor." *Knight,* 950 F.2d at 378; *accord Ost,* 88 F.3d at 438. Thus, "[i]f an employer has the right to control and direct the work of an individual, not only as to the result to be achieved, but also as to the details by which that result is achieved, an employee/employer relationship is likely to exist." *Ost,* 88 F.3d at 439 (quoting *Spirides v. Reinhardt,* 613 F.2d 826, 831–32 (D.C.Cir. 1979)). Applying the common-law test, the court noted that Ost supplied her own vehicle and was responsible for paying all expenses associated with its ownership, including taxes and insurance. In addition, she was able to choose her own work assignments. These facts removed her from "employee" status and made her an independent contractor. Consequently, she was not protected by Title VII.

The Supreme Court recently authorized applying a similar control-oriented agency test to determine whether an individual is an employee under the Employee Retirement and Income Security Act ("ERISA"), a statutory codification that defines "employee" at 29 U.S.C. § 1002(6) in the same circular manner as Title VII at 42 U.S.C. § 2000e(f). In *Nationwide Mut. Ins. Co. v. Darden,* 503 U.S. 318, 323–24, 112 S.Ct. 1344, 1348, 117 L.Ed.2d 581 (1992), the Supreme Court explained:

> In determining whether a hired party is an employee under the general common law of agency, we consider the hiring party's right to control the manner and means by which the product is accomplished. Among the other factors relevant to this inquiry are the skill required; the source of the instrumentalities and tools; the location of the work; the duration of the relationship between the parties; whether the hiring party has the right to assign additional projects to the hired party; the extent of the hired party's discretion over when and how long to work; the method of payment; the hired party's role in hiring and paying assistants; whether the work is part of the regular business of the hiring party; whether the hiring party is in business; the provision of employee benefits; and the tax treatment of the hired party.

*Id.* (quoting *Community for Creative Non-Violence v. Reid,* 490 U.S. 730, 751–52, 109 S.Ct. 2166, 2178–79, 104 L.Ed.2d 811 (1989)).

This Court will independently examine each of the five common law control test factors to evaluate Jones' relationship with Seko.

### Seko's Right to Control and Supervise Jones

Jones is a messenger service driver for Seko. (Jones Aff.) He drives a van delivering and retrieving items on the company's behalf. Jones and Seko signed an agreement memorializing their relationship which provides for Jones to serve as Seko's independent contractor. (Barsano Aff. Ex. 1). The agreement allows Jones to set his own hours and days as to when he is available to accept delivery assignments. (*Id.*) Seko has no mandatory policy regarding the number of days available or the number of hours Jones must work. (*Id.*) Jones is free to take on or reject any potential delivery assignments. (*Id.*) Jones, thus, controls his work hours and work load.

### Jones' Occupation

There are no facts indicating that Jones' delivery person position requires special skills. The Court finds that the apparent lack of special skills weighs in favor of finding an employee/employer relationship. *See Alexander,* 101 F.3d 487, 493 (use of independent professional judgment by physician relied upon to establish independent contractor status).

### Location of Work: Source of Instrumentalities and Tools

Jones works out of his vehicle pursuant to telephone assignments received from Seko. According to his agreement with Seko, Illinois Commerce Commission rules require Jones to provide his own vehicle and lease it to Seko. (Jones Aff., Exs. 2–3). Similar to the limousine driver in *Ost,* Jones must perform all maintenance and repairs to his vehicle at his own cost, maintain his driver's license in good standing, pay all fines and/or penalties and provide insurance for his vehi-

cle. (*Id.*) Additional items such as radios, pagers or phones may be leased from Seko. However, independent contractors, such as Jones, are permitted to secure these items from any source available. (*Id.*)

Seko does not require its drivers to wear uniforms in order to perform pick-up and delivery service. (*Id.*) Certain assignments, however, will not be offered to a driver unless he is willing to wear Seko logo attire because certain buildings do not allow any delivery men to enter who are not in uniform. Jones relies on a single Seko memorandum, dated April 1992, which relates to customer complaints about non-uniformed drivers. This memo reminds drivers that a uniform consists of both pants and shirts and that non-compliance will result in suspension. Yet, this memorandum does not conflict in any material way with Mr. Barsano's explanation that such uniform requirements pertain only to certain delivery assignments.

On balance, the Court finds that the location of work, and source of instrumentalities and tools favors a finding that Jones is an independent contractor.

### The Duration Of The Relationship of The Parties

Jones' affidavit indicates that he has been a messenger service driver solely for Seko since 1989 and that Seko has been his only source of income for this period. (Jones Aff. ¶ 2).

This factor favors the finding of an employee/employer relationship.

### Method of Payment And Benefits

All of Seko's business records consistently treat Jones as an independent contractor. (Barsano Aff. Ex. A). For example, Jones has signed a written acknowledgment of his independent contractor status confirming that he is not entitled to any employee benefits; and Seko does not provide employee benefits to any of its drivers. (*Id.*) Seko's records reflect that Jones receives his compensation on a per piece delivery basis. (*Id.*) Seko makes no deductions for taxes or other contributions from Jones' compensation. (*Id.*) Most significantly, Jones has received

1099 Miscellaneous Income forms from Seko reflecting that his compensation is as an independent contractor. (*Id.*)

Seko's manner of payment, which is properly documented, is clear evidence that Jones is an independent contractor. These documents, which are not open to subjective interpretation and were prepared well in advance of this litigation, conclusively establish Jones' status as an independent contractor.

After analyzing each of the common law test factors, this Court concludes that Seko did not control Jones and that Jones is therefore not an employee covered by Title VII. Only two of the relevant factors tend to establish that Jones was an employee of Seko—the length of their relationship and the lack of special skills for Jones' delivery person job. All the other common law factors, including the critical control factor, establish that Jones is an independent contractor. This Court finds no distinction between Jones' delivery person position and the Seventh Circuit's treatment of the limousine driver in *Ost.* Both are independent contractors.

### CONCLUSION

Jones has failed to meet his burden of establishing that the defendant is an "employer" as defined by Title VII. This Court feels it is unfortunate that it cannot preside over Jones' allegations of racial discrimination. Yet, Jones' status as an independent contractor is not covered by Title VII—which reaches only employee/employer relationships as defined by Congress. Thus, the Court has no choice but to grant the defendant's motion to dismiss. Plaintiff's complaint is hereby dismissed with prejudice and the Clerk of the Court is directed to enter judgment in favor of defendant Seko.