Steven W. JOHNSON, Sandra
G. Johnson, Plaintiffs,

v.

UNITED STATES OF AMERICA, United States Justice Department, United States Marshals Service and Unnamed Agents of the United States Marshal Service, Defendants.

No. IP 97–1349–CB/S.

United States District Court,
S.D. Indiana,
Indianapolis Division.

Jan. 8, 1999.

Marilyn A. Moores, Cohen & Malad, Indianapolis, IN, for plaintiffs.

Thomas E. Kieper, Assistant United States Attorney, Indianapolis, IN, for defendants.

*ENTRY GRANTING DEFENDANT'S MOTION TO DISMISS, DENYING PLAINTIFFS' MOTIONS TO STRIKE, AND GRANTING PLAINTIFFS' MOTION TO AMEND COMPLAINT*

BARKER, Chief Judge.

Plaintiffs brought this action against the United States under the Federal Tort

Claims Act (the "FTCA"), seeking to recover for damages sustained to their home and property during the execution of an arrest warrant on a third party through the coordinated efforts of various law enforcement officials. This matter comes before the Court on: 1) Defendant United States' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) or in the alternative, for summary judgment under Federal Rules of Civil Procedure 12(b)(6) and 56; 2) Plaintiffs' motion to strike Defendant's motion for summary judgment; 3) Plaintiffs' motion to strike the sworn declaration of Gary Tingle; and 4) Plaintiffs' motion for leave to file an amended complaint. For the following reasons, Defendant's motion to dismiss Plaintiffs' claim under the FTCA is *granted;* Plaintiffs' motion to strike Defendant's motion for summary judgment is *denied* as moot; Plaintiffs' motion to strike the declaration of Gary Tingle is *denied;* and Plaintiffs' motion for leave to file an amended complaint is *granted.*

## I. STATEMENT OF FACTS

In early August 1995, Mr. Wayne Spears, his wife, and two children arrived at Plaintiffs' home. (Compl.¶ 1) Spears, who had been a high school friend of Plaintiff Steven Johnson ("Johnson"), told Johnson that he was moving his family back from Texas to Indiana and asked Johnson to allow him to park his motor home in Plaintiffs' driveway while Spears and his family sought new, more permanent quarters. (Compl.¶ 2) Johnson allowed the Spears family to park their motor home in Plaintiffs' driveway. (*Id.*)

On August 9, 1995, the United States District Court for the Western District of Texas issued an arrest warrant for Spears, charging him with the violation of a pre-release agreement related to firearms charges in Texas. (Def.Ex. 1, Tingle Decl. ¶ 3) The United States Marshals Service (the "Marshals") located Spears after his move to Indianapolis and began surveillance. (Tingle Decl. ¶ 4)

On August 15, 1995, the Marshals decided to raid Spears' trailer. (Compl.¶ 4) Earlier that day, Spears' wife and children had departed the Johnson property in a van. (Tingle Decl. ¶ 5) At the time of the commencement of the raid, the Johnsons were not at home. (Compl.¶ 5) In order to arrest Spears, the Marshals sought tactical support from the Marion County Sheriff's Department SWAT Team. (Tingle Decl. ¶ 8) The Marshals failed to apprehend Spears in his trailer; instead, Spears fled into the Johnson home, where he barricaded himself and refused to surrender. (Compl.¶ 5) In an attempt to force Spears from the residence, the Marshals fired approximately forty cans of tear gas into the home. (Compl.¶ 6) Despite these efforts, Spears still refused to surrender. (*Id.*)

During the standoff, the Johnsons arrived home; however, they were not permitted by law enforcement personnel to intervene in an attempt to diffuse the situation. (Compl.¶ 7.) By contrast, Spears' ex-wife, a resident of Greenwood, Indiana, contacted law enforcement personnel on the scene and was permitted an opportunity to speak with her ex-husband. (Tingle Decl. ¶ 21) Her pleas apparently encouraged Spears to surrender after a siege that had lasted for approximately eight hours. (Tingle Decl. ¶¶ 23, 24; *see also* Compl. ¶ 6)

On April 5, 1996, Plaintiffs filed a Notice of Tort Claim with the U.S. Marshal in compliance with the FTCA. (Compl. ¶ 11; *see* 28 U.S.C. § 2675) Subsequently, Plaintiffs filed this lawsuit on August 15, 1997, against several Defendants, including the United States Department of Justice, the United States Marshals Service and unnamed agents of the Marshals Service. The complaint alleged negligence under the FTCA as well as civil rights violations under 42 U.S.C. § 1983. Through ongoing discovery, claims under § 1983 have been eliminated. (Pls.' Motion to Substitute Proposed Amended Complaint ¶ 2) In addition, all claims under the FTCA involving Defendants other than the United

States have been dismissed. (Court's July 17, 1998 Entry) Presently before the Court are Defendant's motion to dismiss the FTCA claim, Plaintiffs' motion to strike Defendant's motion for dismissal and supporting affidavit, and Plaintiffs' motion to amend their complaint.

## II. STANDARD OF REVIEW

Where a movant has challenged a district court's subject matter jurisdiction, the party invoking jurisdiction has the burden of establishing that all jurisdictional requirements have been satisfied. *See Kontos v. United States Dept. of Labor*, 826 F.2d 573, 576 (7th Cir.1987); *Marina Entertainment Complex, Inc. v. Hammond Port Authority*, 842 F.Supp. 367, 369 (N.D.Ind.1994). *See also Grafon Corp. v. Hausermann*, 602 F.2d 781, 783 (7th Cir. 1979) ("the party invoking jurisdiction has the burden of supporting the allegations of jurisdictional facts by competent proof"). Disputes over material facts regarding the merits of the case will not prevent a court from determining jurisdictional issues. *See Marina Entertainment Complex*, 842 F.Supp. at 369.

When deciding a Rule 12(b)(1) motion, a court must accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff. *See Ezekiel v. Michel*, 66 F.3d 894, 897 (7th Cir.1995); *Rueth v. United States Environmental Protection Agency*, 13 F.3d 227, 229 (7th Cir.1993). Nevertheless, a court may look beyond the jurisdictional requirements of a complaint and consider whatever evidence has been submitted by the parties on the issue to determine whether subject matter jurisdiction exists. *See Ezekiel*, 66 F.3d at 897; *Capitol Leasing Co. v. Federal Deposit Insurance Corp.*, 999 F.2d 188, 191 (7th Cir.1993); *Alliance For Clean Coal v. Bayh*, 888 F.Supp. 924, 929 (S.D.Ind.1995). Where the movant has challenged the factual allegations of the party invoking the district court's jurisdiction, the invoking party "must submit affidavits and other relevant evidence to re-solve the factual dispute regarding the court's jurisdiction." *Kontos*, 826 F.2d at 576.

## III. ANALYSIS

### A. Defendant's Motion to Dismiss is Proper under Rule 12(b)(1)

The FTCA allows claims against the United States for money damages related to "injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable...." 28 U.S.C. § 1346(b); *see Calderon v. United States*, 123 F.3d 947, 948 (7th Cir.1997). The FTCA provides "a 'broad waiver' of sovereign immunity;" yet, many types of tort claims have been exempted from the waiver. *Calderon*, 123 F.3d at 948 (citing *Grammatico v. United States*, 109 F.3d 1198, 1200 (7th Cir.1997)).

One of these exemptions is the discretionary function exception to the FTCA, which shields Government actors from liability arising from:

> Any claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not the regulation be valid, or based upon the exercise or performance of a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.

28 U.S.C. § 2680(a). If this exception to the FTCA applies, the sovereign immunity of the United States remains intact, and dismissal of the action is proper on the basis of lack of subject matter jurisdiction. *See Rothrock v. United States*, 62 F.3d 196, 198 (7th Cir.1995); *see also Calderon*, 123 F.3d 947; *see generally Grammatico*, 109 F.3d 1198.

In the instant case, Defendant's motion focuses on the actions of certain U.S. Deputy Marshals involved with Spears' arrest and whether those actions fall within the discretionary function exception of the FTCA. Although Defendant invokes the correct standard of review for both dismissal under Rule 12(b) and summary judgment under Rule 56 (*See* Def.'s Motion to Dismiss at 6 n. 2), its substantive arguments rely solely on the contention that the discretionary function exception to the FTCA deprives the Court of subject matter jurisdiction, an assertion properly considered under Rule 12(b)(1), not under Rule 12(b)(6) or the standards for summary judgment under Rule 56. Thus, we construe Defendant's motions as a motion to dismiss.[1]

Two factors determine whether the discretionary function exception applies in an FTCA suit. *See Rothrock*, 62 F.3d at 198. First, the scrutinized action must involve "an element of judgment or choice" on the part of the federal employee. *Id.* (citing *Gaubert*, 499 U.S. 315, 322, 111 S.Ct. 1267, 1273, 113 L.Ed.2d 335 (1991)). Second, if the action does involve such judgment or choice, the issue becomes whether the judgment or choice in question were "of the kind that the discretionary function was designed to shield." *Gaubert*, 499 U.S. at 322–23, 111 S.Ct. 1267. Recent case law supports our conclusion that the conduct of the Deputy Marshals in this case falls within the discretionary function exception. "[The discretionary function exception] plainly was intended to encompass discretionary acts of the Government acting in its role as a regulator of the conduct of private individuals." *United States v. S.A. Empresa de Viacao Aerea Rio Grandense*, 467 U.S. 797, 813–14, 104 S.Ct. 2755, 2764, 81 L.Ed.2d 660 (1984). We find that the duties of law enforcement agents, and the task of executing arrest warrants specifically, bring the actions of the Deputy Marshals in this case within the shield provided by the discretionary function exception.

Our conclusion regarding the discretionary nature of the actions of law enforcement agents in executing arrest warrants is supported by the decisions of several other federal courts. *See United States v. Faneca*, 332 F.2d 872, 874 (5th Cir.1964) ("Just as the task[ ] of carrying out the orders of this Court ... [is] among the responsibilities of the Chief Marshal, so is the choice of means for performing [this] task peculiarly within [the] discretion [of the Chief Marshal]."); *McElroy v. United States*, 861 F.Supp. 585, 591 (W.D.Tex. 1994) (negligent execution of a criminal investigation, which culminated in arrest, was protected by the discretionary function exception); *Mesa v. United States*, 837 F.Supp. 1210, 1212 (S.D.Fla.1993) (negligent investigation and arrest by DEA agents were protected under the discretionary function exception); *Patel v. United States*, 806 F.Supp. 873, 878 (N.D.Cal.1992) (investigation and raid by DEA agents were covered by the discretionary function exception); *B & F Trawlers, Inc. v. United States*, 841 F.2d 626, 631 (5th Cir.1988) (actions of the Coast Guard, in apprehending and transporting drug-running vessels, were protected under the discretionary function exception); *see also Calderon v. United States*, 123 F.3d at 949–50 (prison employees were allowed discretion in the disciplinary actions selected for inmate); *Flax v. United States*, 847 F.Supp. 1183 (D.N.J.1994) (alleged negligent actions of FBI agents during surveillance of kidnaping victim were

---

1. Plaintiffs' argument supporting their motion to strike the motion for summary judgment hinges on the application of the Local Rules of the Southern District of Indiana relating to summary judgment. (Pls.' Brief in Support of Motion to Strike at 2) Defendant acknowledges that its motion is one for dismissal under Federal Rule of Civil Procedure 12(b)(1), not one of summary judgment under Rule 56. (Def.'s Reply to Pls.' Motion to Strike at 1–2) Thus, the Plaintiffs' motion to strike the motion for summary judgment is *denied* as moot.

protected under the discretionary function exception).

Within this framework, Defendant puts forth several factors to establish the discretionary nature of the Deputy Marshals' actions in effecting the arrest of Wayne Spears. Decisions concerning the arrest required the officers to consider several public policy-based factors, including: 1) the threat posed by potential violations of federal firearm laws, 2) the enforcement of the lawful orders of the U.S. District Court for the Western District of Texas, 3) the risk to Marshals and other law enforcement personnel involved, as well as risks posed to the public associated with the continuation of the standoff, and 4) the allocation of scarce governmental resources in effecting a prompt end to the standoff. These policy considerations follow the reasoning of other courts that have found support for immunity of law enforcement agents under the discretionary function exception. For example, the Fifth Circuit in *Faneca* specifically found that the "discretion to choose the modus operandi and to decide the time in which to put ... into action [the means to effect the orders of the district court] was specifically delegated to [the Chief Marshal]." 332 F.2d at 874–75. Likewise in the instant case, the Marshals were carrying out an order of a federal district court, exercising discretion in choosing when and how to execute the arrest warrant. Also, in *McElroy*, the court cited the public policy goal of "punishing and deterring distribution of illegal narcotics" as one factor showing the discretionary nature of law enforcement agent actions. 861 F.Supp. at 592. Here, an analogous policy determination relates to the punishing and deterring of violations of federal firearms statutes.

Plaintiff does not directly challenge the facts and legal arguments asserted by Defendant. Instead, Plaintiff responds to the dismissal motion by addressing facial pleading requirements under the Local Rules of the Southern District of Indiana for summary judgment motions under Rule 56 and Rule 12(b)(6), without attempting to respond to the substance of Defendant's arguments under Rule 12(b)(1).[2] In the context of a motion to dismiss, the non-moving party cannot expect to ignore the moving party's arguments without detrimentally impacting its claim. The case law construing motions under Rule 12(b)(1) enunciates requirements for responding to dismissal motions. By failing to respond to the substance of the Defendant's motion, Plaintiffs have failed to defend their FTCA claim against dismissal under Rule 12(b)(1).

█ In general, "... when presented with a motion to dismiss, the non-moving party must proffer some legal basis to

---

**2.** In their motion to strike and motion in opposition to Defendant's motion to dismiss/motion for summary judgment, Plaintiffs' arguments center on the Court's consideration of the sworn declaration of Gary Tingle, Chief Deputy U.S. Marshal. Generally, Plaintiffs claim that the declaration does not adequately explain the details of Tingle's "personal knowledge" of the case and should be stricken. In asserting this argument, Plaintiffs' guidelines pertain primarily to motions under Rule 12(b)(6) and Rule 56, which are not directly applicable to the issues before the Court. Rule 12(b)(1) allows a court to "look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Capitol Leasing Co. v. FDIC*, 999 F.2d 188, 191 (7th Cir.1993). In addition, "[t]he court may properly look to evidence beyond the pleadings" in order to determine jurisdiction for the purposes of a dismissal motion under Rule 12(b)(1). *Commodity Trend Service, Inc. v. Commodity Futures Trading Comm'n*, 149 F.3d 679, 685 (7th Cir.1998). Finally, "[w]hen confronted with a jurisdictional dispute, the district court is entitled to receive appropriate evidentiary submissions to resolve it—'any rational mode of inquiry will do.'" *Jones v. Seko Messenger, Inc.* 955 F.Supp. 931, 932 (N.D.Ill.1997) (citing *Crawford v. United States*, 796 F.2d 924 (7th Cir.1986)). Here, the declaration of Gary Tingle, made on his "personal knowledge," is an appropriate evidentiary submission related to jurisdiction and does not dispute any material facts asserted by the Plaintiff. The motion to strike the affidavit is accordingly *denied*.

support his cause of action. The federal courts will not invent legal arguments for litigants." *Stransky v. Cummins Engine Co.,* 51 F.3d 1329, 1335 (7th Cir.1995); *see also Commodity Trend Service,* 149 F.3d at 685 ("On a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), the court is not bound to accept the truth of the allegations in the complaint. Rather, the plaintiff has the obligation to establish jurisdiction by competent proof. . . ."). More specifically, in the context of a motion to dismiss based on the discretionary function exception, a complaint "must allege facts which would support a finding that the challenged actions are not the kind of conduct that can be said to be grounded in the policy of the regulatory regime," focusing not on the actor's subjective intent, "but on the nature of the actions taken and on whether they are susceptible to policy analysis." *U.S. v. Gaubert,* 499 U.S. at 324–325, 111 S.Ct. at 1274–75 (1991).

Plaintiffs in this action have failed to link their claims with any facts or specific regulatory or policy guidelines that would call into doubt the discretionary nature of the Marshals' actions.[3] Without a showing of legal support for their claim under the FTCA, Plaintiffs' failure to respond substantively to Defendant's motion to dismiss constitutes a waiver of that claim. *See Teumer v. General Motors Corp.,* 34 F.3d 542, 545–546 (7th Cir.1994) (plaintiff waived legal theory by failing "to present legal arguments linking the claim described in the complaint to the relevant statutory (or other) sources of relief" to the district court at the appropriate time in the proceedings); *see also Farnham v. Windle,* 918 F.2d 47, 51 (7th Cir.1990) (plaintiff's failure to raise legal theories supporting his claim in response to motion to dismiss constituted waiver).

In view of the policy-based nature of the decisions made by the Marshals in this case and because such law enforcement decisions must be protected from suit under the FTCA, as held by other courts as well, we conclude that the discretionary function exception applies here as a bar to liability of the U.S. Government. Thus, Defendant's motion to dismiss the FTCA claim is *granted.*

### B. Plaintiffs' Motion to Amend their Complaint

On November 12, 1998, Plaintiffs moved to file an amended complaint in this action. Subsequently, they asked the Court to accept for filing a new draft of the complaint that is represented to be consistent with the results of recent discovery. Defendant has not responded to Plaintiffs' motion to amend their complaint. However, Plaintiffs indicate that respective counsel have been in contact with each other concerning the proposed modifications of the pleadings, and Defendant has "no objection" to the proposed revised amended complaint. (Pls.' Motion to Substitute Proposed Amended Complaint ¶ 2).

 A "complaint must narrate a claim" or "grievance" and a plaintiff may "substitute one legal theory for another"

---

**3.** As explicated above, the opportunity to exercise policy judgment must exist in order for an action to fall within the purview of the discretionary function exception. This requires the absence of "a federal statute, regulation, or policy specifically prescrib[ing] a course of action for an employee to follow" in order for the act to be considered discretionary. *Gaubert,* 499 U.S. at 322, 111 S.Ct. at 1273. In this case, Plaintiffs have generally alluded to the Marshals' Policy Manual and vaguely suggest that the actions taken by the Marshals in the apprehension of Spears were contrary to an enumerated policy. However, without connecting the particular actions of the Marshals with a policy from that Manual, the vacillatory roamings of Plaintiffs' conjectures will not save this part of their claim from dismissal. Since the policy manual has not been submitted by Plaintiffs, it is unavailable to the Court and cannot be considered here. *See Doe v. First Nat'l Bank of Chicago,* 865 F.2d 864, 873 (7th Cir.1989) (failure to include employee policy manual in pleadings precluded consideration of manual on employer's dismissal motion). "A plaintiff cannot overcome the exemptions of [the Federal Tort Claims Procedure] merely by the artistry of his pleading." *See Coffey v. United States,* 387 F.Supp. 539, 540 (D.Conn.1975).

within the pleadings. *Albiero v. City of Kankakee,* 122 F.3d 417, 419 (7th Cir. 1997). The Seventh Circuit has recognized that "[l]itigants who must frame their claims before obtaining discovery often find it necessary to conform their theories to the facts as time goes on." *Moriarty v. Larry G. Lewis Funeral Directors, Ltd.,* 150 F.3d 773, 777 (7th Cir.1998). Discovery may be used "to winnow or refine theories of liability" within a case. *De-Paepe v. General Motors Corp.,* 141 F.3d 715, 719 (7th Cir.1998). Here, Plaintiffs move to amend their complaint in response to ongoing discovery in order to preserve the complaint they have framed against Defendant. Having asserted a grievance against Defendant based on a specific set of facts, Plaintiffs' motion for leave to amend their complaint is *granted,* subject to the rulings set out previously in this entry.

## IV. CONCLUSION

In light of the foregoing, Defendant's motion to dismiss the FTCA claim is *granted* because the actions of the Marshals in this case fall within the discretionary function exception of the FTCA. Further, Plaintiffs' motion to strike Defendant's motion for summary judgment is *denied* as moot because the requirements for summary judgment do not apply where federal subject matter jurisdiction is at issue. In addition, Plaintiffs' motion to strike the declaration of Gary Tingle is *denied* because it is an appropriate evidentiary submission related to the determination of federal subject matter jurisdiction. Finally, Plaintiffs' motion to amend their complaint is *granted* in order to permit them to refine any remaining legal theories against Defendant. Plaintiffs are permitted an additional fourteen days to conform their amended complaint to the results of this ruling and to discovery, and to get said pleading on file with the Court.